# ROBINSON & COLE LLP

HELEN M. KEMP

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

*ALSO SENT VIA FACSIMILE*

October 14, 2003

Louis J. Bonsangue, Esq.
Jacobi, Kappel & Case, P.C.
300 Bic Drive
Milford, CT 06460

Re: **Arthur L. Kaladish v. UnumProvident Corporation**
     **Computer Search – PRIVILEGE LOG E-MAIL CD**

Dear Attorney Bonsangue:

    This is a difficult letter to write due to the nature of the e-mail format. I also am not quite sure what you mean by "No Text" and some of your descriptions are too vague to agree if something is privileged. Please see attached for my objections and comments to your privilege log.

    In general, I have no problems agreeing to eliminate unsolicited e-mails and "newsletter" e-mails as long as those e-mail have nothing to do with any of the search terms. If Mr. Kaladish received an "unsolicited" e-mail on how he could save money on estimating printing costs or how to attract more customers to the L&L Graphics website, even if the e-mail was unsolicited, I believe it still is relevant. My question is if all these e-mails were unsolicited, why did your client keep them? I also assume that when you state "no text" – the page contains gibberish headings or something similar but has no "body" or message to it. Please advise if this understanding as to "no text" is incorrect.

    In any event, I have the following general objections:

    1.    There seems to be several e-mails that have "hits" on them but also appears to contain "personal" information (e.g. File 292512, Page 6). I do not agree to redact the personal information as I believe that the personal information is necessary to understand the context of what is being sent and is important in determining how this information should be viewed. For example, Madelyn Starkey was the Comptroller for Mr. Kaladish's business. As you know, I intend to call her as a witness. Her personal relationship with Mr. Kaladish as evidenced by any e-mails



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
*www.rc.com*

# ROBINSON & COLE LLP

Louis J. Bonsangue, Esq.
October 14, 2003
Page 2

she may have sent with regard to L&L Graphics, Presstimator, accounts or Comptroller related work, etc. is necessary to determine her credibility.

2.  With regard to "vague" descriptions, something like "home improvement" (File 9929, p. 80) may be relevant to the claims in this case. Your client has claimed that he can not do the work of a service technician due to physical restrictions and limitations. If this "home improvement" e-mail concerns a "build it yourself" rec room, or ordering shingles to put on the roof, I would find it relevant. Additionally, the same reasoning can be applied to items merely noted as "personal letters." If the "personal letter" notes travel to California, I would consider it relevant as: (1) your client has claimed that he can no longer travel substantial distances by plane or automobile, and/or (2) it might indicate travel to work on the Presstimator project. Thus, a personal letter could be relevant.

Please let me know if we can work some of these issues out prior to any Court involvement.

Lastly, with regard to redacting the privileged information, my suggestion is for you (or your office) to do the actual redaction once the court decides on the disputed area. I think it would be next to impossible for my expert to decide where the "top half" of the page ends or what you mean by "except middle page", etc. If you delete/redact the offending information you can be sure that I will only receive exactly what was agreed upon by us and the court. My expert would only have to send me the "WORD" CD and could attest in his Affidavit that he did not send me the e-mail CD.

Sincerely,

Helen M. Kemp

Helen M. Kemp

HMK/sh
Enclosure



File 292512

| Page | Produce | Privilege / Objection | Description |
|---|---|---|---|
| 1 | No | Beyond Scope-No Text | |
| 2 | No | Beyond Scope-No text | |
| 3 | No | Beyond Scope-No Text | Top half of page / bottom half ok |
| 4 | No | Beyond Scope-No Text | Except certain e-mail & web addresses |
| | | Beyond Scope No Text | Except "equipment broker reference" |
| 6 | No | Beyond Scope-No Text | Except Bolad company reference, pressimator, redact personal information  See objection #1 |
| 8 | No | Beyond Scope-No Text | unsolicited blind marketing e-mail |
| 9 | No | Beyond Scope-No Text | unsolicited blind marketing e-mail |
| 12 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 13 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 14 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 15 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 16 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 17 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 18 | No | Beyond Scope-No Text | bottom half unsolicited e-mail |
| 19 | No | Beyond Scope | bottom half unsolicited e-mail |
| 24 | No | Beyond Scope-No Text | personal    See objection #2 |
| 26 | No | Beyond Scope-No Text | Except BJ woodman reference |
| 27 | No | Beyond Scope-No Text | unsolicited re: websites |
| 28 | No | Beyond Scope-No Text | unsolicited re: websites |
| 29 | No | Beyond Scope-No Text | unsolicited re: websites |
| 30 | No | Beyond Scope-No Text | unsolicited re: websites |
| 31 | No | Beyond Scope-No Text | unsolicited re: websites |
| 32 | No | Beyond Scope-No Text | unsolicited re: websites |
| 33 | No | Beyond Scope-No Text | Newsletter re websites |
| 34 | No | Beyond Scope-No Text | Newsletter re websites |
| 35 | No | Beyond Scope-No Text | Newsletter re websites |
| 36 | No | Beyond Scope-No Text | Newsletter re websites |

| # | | Description |
|---|---|---|
| 37 | No | Beyond Scope-No Text | Newsletter re websites |
| 38 | No | Beyond Scope-No Text | Newsletter re websites |
| 39 | No | Beyond Scope No Text | Except bottom half e-mail re: film, plates, etc. |
| 40 | No | Beyond Scope No Text | Except top half e-mail re: film, plates, etc. |
| 41 | No | Beyond Scope No Text | Except top half e-mail re: film, plates, etc. |
| 42 | No | Beyond Scope-No Text | Except middle page e-mail re: film, plates, etc. |
| 43 | | Beyond Scope-No Text | |

**File 9931**

| Page | Produce | Privilege / Objection | Description |
|---|---|---|---|
| 1 | No | Beyond Scope-No text | |
| 2 | No | Beyond Scope | AOL Reference |
| 3 | No | Beyond Scope | AOL Reference |
| 4 | No | Beyond Scope | AOL Reference |
| 5 | No | Beyond Scope | Top half ok |
| 6 | No | Beyond Scope | Top half ok |
| (7) | No | Beyond Scope | Personal pictures; one LLGraphic e-mail reference  *Objection #1* |
| (8) | No | Beyond Scope | Personal pictures; one LLGraphic e-mail reference  *Objection #1* |
| 12 | No | Beyond Scope-No text | Top half ok; LLGraphic e-mail reference |

File 9929

| Page | Produce | Privilege / Objection | Description |
|---|---|---|---|
| 1 | No | Beyond Scope-no text | |
| 2 | No | Attorney/client | 9/24/02 e-mail to L. Kaladish; 9/12/02 e-mail to LJB |
| 3 | No | Attorney/client | 10/14/02 e-mail to LJB |
| 4 | No | Beyond Scope-no text | |
| 5 | No | Beyond Scope-no text | |
| 6 | No | Beyond Scope-no text | personal letter / except info @ Graphic Contractors, Objections #1 and 2 |
| (7-8) | No | Beyond Scope-no text | Co. |
| 8-18 | No | Beyond Scope-no text | personal letter    Objection #2 |
| 19-20 | No | Attorney/client | 10/21/02 email to L. Kaladish |
| 21 | No | Attorney/client | 10/14/02 e-mail to LJB |
| 22-25 | No | Beyond Scope-no text | purchase of comic books |
| 26 | No | Attorney/client | 10/21/02 e-mail to L. Kaladish; 10/21/02 e-mail to LJB |
| 27-28 | No | Attorney/client | 10/25/02 e-mail to L. Kaladish |
| (29) | No | Beyond Scope-no text | Personal    Objection #2 |
| 32 | No | Beyond Scope-no text | Except for first 4 lines |
| (33) | No | beyond scope | note from personal friend with his phone number    Objection #2 |
| 34 | No | Attorney/client | 10/29/02 e-mail to LJB; e-mail to L. Kaladish; (except bottom 9 lines) |
| 35-36 | No | Attorney/client | 11/4/02 e-mail to L. Kaladish (top half ok) |
| 40 | No | Attorney/client | 11/4/02 e-mail to LJB |
| 40-41 | No | Attorney/client | 11/4/02 e-mail to LJB |
| 41-42 | No | Attorney/client | 11/5/02 e-mail to L.Kaladish |
| 42 | No | Attorney/client | 11/5/02 e-mail to LJB; (except bottom half) |
| 43 | No | Attorney/client | 11/8/02 e-mail to LJB |
| 43-44 | No | Attorney/client | 11/8/02 e-mail to L. Kaladish |
| 44-45 | No | Attorney/client | 11/8/02 e-mail to L. Kaladish |
| 45-46 | No | Attorney/client | 11/11/02 e-mail to L. Kaladish; e-mail to LJB |

| # | Priv | Type | Description |
|---|---|---|---|
| 47 | No | Attorney/client | 11/13/02 e-mail to L. Kaladish |
| 48 | No | Attorney/client | 11/13/02 e-mail to LJB; 11/13/02 e-mail to L. Kaladish |
| 49 | No | Attorney/client | 11/13/02 e-mail to LJB; 11/13/02 e-mail to L. Kaladish |
| 50 | No | Attorney/client* Beyond Scope | |
| 51 | No | Beyond Scope-no text | |
| 52 | No | Attorney/client; Beyond Scope | |
| 53 | No | Attorney/client | 11/17/02 e-mail to LJB |
| 54 | No | Attorney/client | 11/17/02 e-mail to L. Kaladish |
| 55 | No | Attorney/client; Beyond Scope | 11/17/02 e-mail to L. Kaladish |
| 56 | No | Beyond Scope | LJB e-mail reference |
| 67 | No | Beyond Scope | |
| 69 | No | Attorney/client | 11/22/02 e-mail to L. Kaladish (except top half) |
| 70 | No | Attorney/client | 11/22/02 e-mail to LJB |
| 71 | No | Beyond Scope/personal | personal letter    Objection #2 |
| 72 | No | Attorney/Client | e-mail reference to LJB (remaining page ok) |
| 76 | No | Beyond Scope | |
| 77 | No | Beyond Scope-No text | |
| 78 | No | Attorney/client | 12/5/02 e-mail to LJB |
| 79 | No | Attorney/client | 12/6/02 e-mail to L. Kaladish |
| 80 | No | Beyond Scope | home improvement    Objection #2 |
| 81 | No | Beyond Scope-Not text | Lower half of page ok |
| 82 | No | Attorney/client | 12/6/02 e-mail to L.Kaladish; (except top half ok) |
| 83 | No | Attorney/client | 12/6/02 e-mail to LJB |
| 84-87 | No | Beyond Scope | unsolicited e-mail |
| 88 | No | Attorney/client | 12/8/02 e-mail to L. Kaladish |
| 89 | No | Attorney/client | 12/9/02 e-mail to LJB |
| 90 | No | Beyond Scope-No text | |
| 91 | No | Beyond Scope-No text | |
| 92 | No | Attorney/client | 12/10/02 e-mail to L. Kaladish |
| 93-107 | No | Beyond Scope-No text | |
| 108 | No | Beyond Scope-No text; personal; Attorney/Client | 12/23/02 e-mail to L. Kaladish |

| | | | |
|---|---|---|---|
| 109 | No | Attorney/client | 12/23/02 e-mail to L.Kaladish; 12/23/02 e-mail to L. Kaladish |
| 110 | No | Attorney/client | |
| 124-131 | No | Beyond Scope-No text | e-mail reference to LJB at top page |

# ROBINSON & COLE LLP

HELEN M. KEMP

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

*ALSO SENT VIA FACSIMILE*

November 14, 2003

Louis J. Bonsangue, Esq.
Jacobi, Kappel & Case, P.C.
300 Bic Drive
Milford, CT 06460

Re:  Arthur L. Kaladish v. UnumProvident Corporation
     Computer Search – PRIVILEGE LOG E-MAIL CD

Dear Attorney Bonsangue:

    I am in receipt of your letter dated November 6, 2003. I am sorry for the delay in repose but I have been out of state interviewing witnesses for an upcoming trial.

    With regard to unsolicited e-mail – I agree that if the e-mail is unrelated to the printing industry or a "print estimating" program (e.g. something like Presstimator) it is not related to the scope of this search and may be discarded. I noted in my previous letter that I had no problems agreeing to eliminate unrelated e-mails and "newsletter" but believed that if Mr. Kaladish received an "unsolicited" e-mail on how he could save money on estimating printing costs or how to attract more customers to the L&L Graphics website, even if the e-mail was unsolicited, I believe it still is relevant.

    I agree re: File 292512 that a birthday greeting from Mr. Kaladish's daughter can be redacted but I do not agree that any personal information with regard to any of the Starkeys can be redacted. We can let the court decide that one. With regard to File 99318 and the word "pictures", it is my understanding through Mr. Kaladish's website that he would (or could) send and receives photographs or pictures of the printing presses and/or parts he bought and sold. Therefore, this may be related.

    Based upon your description of that the other files and pages contain, I agree with your position that these e-mails are not related and may be redacted. I also do not consent to any direct contact with my expert. Once again, my suggestion is for you (or your office) to do the actual redaction once the court decides on the disputed



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Louis J. Bonsangue, Esq.
November 14, 2003
Page 2

area which appears only to be whether or not "personal information" with regard to a Starkey e-mail should be redacted.

I again note that I think it would be next to impossible for my expert to decide where the "top half" of the page ends or what you mean by "except middle page", etc. If you delete/redact the offending information you can be sure that I will only receive exactly what was agreed upon by us and the court. My expert would only have to send me the "WORD" CD and could attest in his Affidavit that he did not send me the e-mail CD. Once the court decides on the Starkey e-mail, another option would be to give my expert the heading or title or date and the first few lines/words of the e-mails that you believe are not privileged or personal (as its appears the numbers of these e-mails are few) and my expert can delete all other information.

I would like to get moving on the e-mail privilege log. It is not a matter of being several weeks behind at this point but several months. As it appears that we only disagree on the one e-mail (File 292512, Page 6), it should be relatively easy to send something to the court with regard to a privilege log.

Sincerely,

Helen M. Kemp

Helen M. Kemp

HMK/sh



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAWRENCE KALADISH a/k/a ARTHUR L. : CIVIL NO. 301CV184 (DJS)
KALADISH
    Plaintiff,                                   :
                                                          :
v.                                                     :
                                                          :
UNUMPROVIDENT CORPORATION AND         :
PROVIDENT LIFE & CASUALTY
INSURANCE COMPANY                             :
    Defendants.                                :  JANUARY 14, 2004

### AFFIDAVIT

Helen M. Kemp, first being duly sworn, hereby deposes and says:

1.  I am over eighteen years of age and I understand the obligations of an oath.

2.  I am an attorney with the law firm of Robinson & Cole LLP, and I represent the UnumProvident Corporation and the Provident Life and Casualty Insurance Company, defendants in the above-captioned litigation. This affidavit is in support of defendants' Motion to Compel.

3.  Pursuant to a Court order dated September 4, 2003, the plaintiff was submit to the court a privilege log with a list of contested items from the "e-mail" CD from the *first* computer search; the parties were also to agree to a Stipulation from Eric Oram, the computer expert who performed the first search, for inclusion as a trial Exhibit; and were the parties suppose to have the privilege log done, and a contested list "submitted" to the court, from the "laptop" computer search.

less paid for his work. Accordingly, *all* of the results of the laptop search are still unavailable. Thus, even when the CDs are received, Plaintiff will still need time to go through the documents, create a privilege log, send a list of the contested documents to court, etc.

5.   Attorney Bonsangue informed me the Monday before Thanksgiving that a week or so earlier his client had engaged new counsel, Attorney Tracey Alan Saxe. The following week I called Plaintiff's new attorney, Tracey Alan Saxe, on or about Friday, December 5, 2003 and left a message in his voice mail box asking him to call me to discuss the case. To the best of my information and belief, I made a second phone call on Monday, December 8, 2003 and spoke with his secretary who informed me that Attorney Saxe would be out of the office until Wednesday, December 10, 2003. I then followed up with a letter to Attorney Saxe outlining the issues and requesting that he contact me.

6.   Attorney Saxe did not contact me and I wrote another letter to Attorney Saxe on January 2, 2004. The following week, I received a phone call from Attorney Chastity DaSilva of his office who suggested setting up a meeting to discuss the outstanding issues. I agreed to the meeting and one was set up for Tuesday, January 13, 2004 at my office. The day before the meeting, while I was out of the office at a deposition, Attorney DaSilva called and left a voice mail message stating that the meeting would have to be cancelled as Attorney Saxe would be out of state. I called Attorney DaSilva on Tuesday, January 13, 2004 and left a message requesting a call back. I also looked up Attorney DaSilva's e-mail address and sent her, and the computer expert, an e-mail inquiring about the status of the computer search.

7.   On January 14, 2004, I received a reply from the computer expert replied that he was still awaiting payment from Mr. Kaladish but that the work has been completed and once

- 2 -

payment is received he would send out the disks out within 48 hours. From the time that Attorney Bonsangue informed me about the change to counsel to the time I sent out this Affidavit, I have not received a return phone call or email from Attorney Saxe or Attorney DaSilva with regard to the laptop computer search.

8. I have been working on the defendants' portion of the Joint Trial Memorandum which is due at court on January 30, 2004. I have been seriously impaired in my ability to prepare my portion of the joint trial memorandum and more importantly to prepare for trial. Indeed, I will be unable to complete defendants' portion due to the plaintiff's delay in compliance with the court's order.

_____
Helen M. Kemp

Subscribed and sworn to before
me this 14th day of January 2004.

_____
Notary Public
My Commission expires:

**LINDA C. ZIZZAMIA**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

- 3 -

# ROBINSON & COLE LLP

HELEN M. KEMP

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

***ALSO VIA FACSIMILE***

December 8, 2003

Mr. Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita
1952 Whitney Avenue
Hamden, Connecticut 06517

     RE:    <u>Kaladish v. UnumProvident and the Provident Life and Casualty Co.</u>

Dear Attorney Saxe:

     This letter is written in follow-up to my voice mail message. I understand from Attorney Bonsangue that he is no longer representing Mr. Kaladish in this matter. I further understand that several weeks ago, you took over as new counsel in this case. To date, I have not received your appearance in this matter nor have I received Attorney Bonsangue's withdrawal.

     A joint trial memorandum is due on January 30, 2004 and there are still several outstanding discovery and discovery type issues that still need to be resolved. For example:

     1.    <u>The e-mail privilege log issues from the first computer search.</u> I believe my November 14, 2003 letter to Atty. Bonsangue reflects the status of this issue. In this letter I noted that I would like to get moving on the e-mail privilege log as it was not a matter of being several weeks behind schedule at this point but several months. As it appears that we only disagree on the one e-mail (File 292512, Page 6), it should be relatively easy to send something to the court with regard to a privilege log.

     2.    <u>The Stipulation of Eric Oram.</u> This is required per the Court's recent ruling and order. I have sent a draft Stipulation to Attorney Bonsangue.

     3.    <u>The Affidavit of Eric Oram.</u> Due to the fact that the Affidavit is only required after the privilege log issues are resolved, this item can be placed on the back burner.

     4.    <u>The Payment for the Second Computer Search.</u> The computer expert for the second ("laptop") search has requested payment prior to releasing the CDs.



*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Mr. Tracy Alan Saxe, Esq.
December 8, 2003
Page 2


Attorney Bonsangue noted that he sent the expert's request for payment to you. Please be advised that due to time constraints, once your office receives the CDs, I expect the court's deadlines with regard to the privilege log issues to be met.

 I realize that you are out of the office until Wednesday. I would appreciate your prompt attention to these issues.

          Sincerely,

          *Helen M. Kemp*

          Helen M. Kemp

HMK/sh



# ROBINSON & COLE LLP

HELEN M. KEMP

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

*ALSO VIA FACSIMILE*

January 2, 2004

Mr. Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita
1952 Whitney Avenue
Hamden, Connecticut 06517

RE: Kaladish v. UnumProvident and the Provident Life and Casualty Co.

Dear Attorney Saxe:

It has been almost a month since I wrote to you and even longer since I have left a voice mail message concerning the status of discovery in this case.

As I previously noted, a joint trial memorandum is due on January 30, 2004 and there are still several outstanding discovery and discovery type issues that need to be resolved. For example:

1. The e-mail privilege log issues from the first computer search.

2. The Stipulation of Eric Oram.

3. The Affidavit of Eric Oram.

4. The Privilege Log for the Second Computer Search.

To date, I have received no response from you about these issues. While I am reluctant to involve the court, unless I hear from you and progress is made on these issues by Friday, January 9, 2004, I will have little choice but to file an appropriate motion with the court.

Sincerely,

Helen M. Kemp

Helen M. Kemp

HMK/sh

*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK

*www.rc.com*

**Kemp, Helen M.**

---

**From:** Lou Bonsangue [lbonsangue@jacobicase.com]
**Sent:** Monday, December 08, 2003 9:45 AM
**To:** 'Kemp, Helen M.'; 'James Kalkowski'; Lou Bonsangue
**Cc:** 'cds@sdvlaw.com'
**Subject:** RE:

Jim,

I received your invoices when they were sent. I have told Attorney Kemp that I am no longer representing Mr. Kaladish in this matter. New counsel has taken over the case. Mr. Kaladish's new attorney is Tracy Saxe. He is with Saxe, Doernberger & Vita, 1952 Whitney Avenue, Hamden, CT 06517. I provided your invoice to Mr. Kaladish's new attorney and told them that you are expecting payment before sending the disks. It is my understanding that you will be sending the disks to Attorney Saxe.

Thank you.

Lou

>-----Original Message-----
>**From:** Kemp, Helen M. [mailto:hkemp@RC.com]
>**Sent:** Monday, December 08, 2003 8:02 AM
>**To:** 'James Kalkowski'; 'Lou Bonsangue'; Kemp, Helen M.
>**Subject:** RE:
>
>I have received it and have forwarded it to my client for payment.
>
>-----Original Message-----
>From: James Kalkowski [mailto:jkalkowski@digital-dirt.com]
>Sent: Sunday, December 07, 2003 7:56 PM
>To: 'Lou Bonsangue'; Kemp, Helen M.
>Subject:
>
>I am just touching base as I have not heard from either of you. I wanted to make sure that you both received the e-mail with the PDF invoices.
>
>Hope your Thanksgiving went well.
>
>Jim

---

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

1/14/2004

## Kemp, Helen M.

**From:** Kemp, Helen M.
**Sent:** Wednesday, January 14, 2004 7:37 AM
**To:** 'James Kalkowski'; Kemp, Helen M.
**Cc:** cds@sdvlaw.com
**Subject:** RE: Status of Kaladish Computer Search

Thank you.

Chastity, can you please tell us the status of payment from Mr.. Kaladish? As you know we have a joint trial memorandum due on the 30th and we need this information.

**Helen M. Kemp**
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel: (860) 275-8235
FAX: (860) 275-8299

-----Original Message-----
**From:** James Kalkowski [mailto:james.kalkowski@digital-dirt.com]
**Sent:** Tuesday, January 13, 2004 11:18 PM
**To:** Kemp, Helen M.
**Cc:** cds@sdvlaw.com
**Subject:** Re: Status of Kaladish Computer Search

I am awaiting payment from Mr Kaladish. The work has been completed and once payment is received, I will send the disks out within 48 hours.

----- Original Message -----
**From:** Kemp, Helen M.
**To:** 'James Kalkowski'
**Cc:** 'cds@sdvlaw.com'
**Sent:** Tuesday, January 13, 2004 1:48 PM
**Subject:** Status of Kaladish Computer Search

Dear Jim:

Please be advised that the attorney I have been dealing with relative to the Kaladish case is:

Attorney Chastity DaSilva
Saxe Doernberger & Vita, P.C.
1952 Whitney Ave
Hamden, CT 06517

1/14/2004

Phone 203-287-8890
Fax 203-287-8847

Mr. Kaladish's attorneys and I were going to have a meeting today to discuss some of the outstanding issues but that meeting was postponed.

When we (you, Lou and I) last discussed the computer search back in late November, you had sent each party an invoice. The parties were suppose to pay the invoice and once payment was made, you were going to complete the work (about a week's worth) and FedEx Plaintiff's attorney the disks.

Can you please inform us where we stand on the computer search?

Thank you.

**Helen M. Kemp**
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel: (860) 275-8235
FAX: (860) 275-8299

-----------------------------------------------------------------

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

-----------------------------------------------------------------

1/14/2004