UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH<br>    Plaintiff<br><br>v.<br><br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY<br>    Defendants | : CIVIL ACTION NO.<br>: 301 CV 184 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: FEBRUARY 4, 2004<br>: |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL AND MOTION FOR SANCTIONS**

The plaintiff, Lawrence Kaladish a/k/a Arthur L. Kaladish (the "Plaintiff"), hereby submits this memorandum in opposition to UmumProvident Corporation and Provident Life & Casualty Insurance Company's (the "Defendants") Motion to Compel and Motion for Sanctions.

I.   **FACTS**

The law firm of Saxe Doernberger & Vita, P.C. has been retained by the Plaintiff as Plaintiff's new counsel.  Tracy Alan Saxe and Chastity A. DaSilva (collectively referred to as "Plaintiff's counsel"), filed Appearances with this Court on December 16, 2003.

Since being retained by the Plaintiff, Plaintiff's counsel have been diligently reviewing the file in order to assess and resolve all outstanding discovery issues. The file was transferred from Plaintiff's prior counsel in four large banker's boxes. The file consists of a massive volume of paper, which includes over sixty pleadings that have been filed by the parties. Attached hereto as <u>Exhibit A</u> is the Affidavit of Attorney Chastity A. DaSilva. It is worth noting that most of the pleadings consist of the Defendants' attempts at a fishing expedition in conducting computer searches which have not yet produced any results indicating that the Plaintiff is not disabled, as alleged by the Defendants.

In addition, Plaintiff's counsel have been diligently attempting to assess and resolve the outstanding discovery issues related to the various computer searches. On January 6, 2004, Attorney Chastity DaSilva contacted defense counsel, Attorney Helen Kemp, to schedule a meeting for Plaintiff's counsel to discuss the outstanding discovery issues with defense counsel. On January 12, 2004, Attorney DaSilva left a voicemail for Attorney Kemp indicating that the meeting should be rescheduled because Attorney Saxe was out of town on business. In that voicemail, Attorney DaSilva asked that Attorney Kemp return her call to discuss the discovery issues. On January 13, 2004, Attorney DaSilva received a voicemail from Attorney Kemp. See <u>Exhibit A</u>, Affidavit of Attorney Chastity A. DaSilva. One day later, on January 14, 2004, defense counsel filed this Motion to Compel and Motion for Sanctions.

This case is complicated by the complex discovery issues regarding the computer searches, which do not have any relevance to the ultimate issue of whether Plaintiff is disabled and, therefore, entitled to disability benefits under the Defendants' insurance policies.

## II.   ARGUMENT

### A.   Defendants' Motion To Compel Should Be Denied

Defendants' Motion to Compel should be denied for the following reasons:

1. Payment in the amount of $2,250.00 was mailed on February 3, 2004, to the computer expert, New England Computer Forensics, LLC.

2. In accordance with the Court Order dated September 3, 2003, a Privilege Log was completed and forwarded to defense counsel on October 6, 2003, regarding the email CD ("CD4"). The Defendants are restricted from seeking personal information which is not reasonably calculated to lead to admissible evidence. Plaintiff's prior counsel, therefore, indicated on the Privilege Log for CD4 that a portion of an email containing personal information would be redacted. It appears that the only document for which there are objections still in dispute is the email containing the personal information. If this dispute cannot be resolved, then the document at issue will be filed with the Court by February 17, 2004, with a Request for *In Camera* Review regarding the Privilege Log for CD4.

Since the receipt of defense counsel's comments concerning the email in dispute on the Privilege Log, Plaintiff's counsel has gone to considerable effort to avoid the necessity of bringing this discovery dispute before the Court and has tried to limit the assertion of objections.

3.  Pursuant to the Court Order dated September 3, 2003, the Defendant has drafted a stipulation, and Plaintiff's prior counsel forwarded the draft to Plaintiff's counsel, regarding the findings of the prior terminated computer expert, Eric Oram. This has not been executed because the proposed stipulation, as drafted by the Defendants, contains statements that are beyond the knowledge and expertise of the Plaintiff. Specifically, the proposed stipulation contains statements regarding the methods used by Eric Oram to conduct the search, the result of the computer search, and Eric Oram's conclusions and findings. Therefore, the Plaintiff cannot stipulate to the matters asserted in the Defendants' proposed stipulation. A copy of the Defendants' proposed stipulation is attached hereto as <u>Exhibit B</u>.

**B.**   <u>**Defendants' Motion For Sanctions Should Be Denied**</u>

Defendants' Motion for Sanctions should be denied because the "nondisclosure, response, or objection was *substantially justified*, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37. (Emphasis added.). The circumstances of the present case do not rise to the level of a "bad faith effort to avoid complying with the rules governing discovery

proceedings." Remington Products, Inc. v. North American Philips Corp., 107 F.R.D. 642, 645 (D. Conn. 1985)(party's refusal to provide *any* discovery demonstrated bad faith). Furthermore, there has been no prejudice to the Defendants with regard to any delay in sending payment to the computer expert or working out the Privilege Log and *in camera* review issues. Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 179 F.R.D. 77, 81 (D. Conn. 1998)(issuing sanctions due to prejudice where moving party required to conduct discovery during trial because of non-moving party's failure to disclose documents). Finally, the Defendants' overreaching in their draft stipulation is the sole cause of any delay in complying with that aspect of the Court's Order. Any delay regarding the stipulation is, therefore, "substantially justified." Further, it should be noted that the Plaintiff has never failed or refused to execute an appropriate stipulation.

 Based upon the foregoing, any delay in resolving the outstanding discovery issues is substantially justified, has caused no prejudice to the Defendants and clearly was not the result of any bad faith effort on the part of the Plaintiff regarding compliance with discovery. Therefore, the Defendants' Motion for Sanctions should be denied.

## III. CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that this Court deny the Defendants' Motion to Compel and Motion for Sanctions.

        THE PLAINTIFF,
        LAWRENCE KALADISH a/k/a
        ARTHUR L. KALADISH

By: _____
        Chastity A. DaSilva, Esq.
        Fed. Bar No. ct24080
        Tracy Alan Saxe, Esq.
        Fed. Bar No. ct06031
        Saxe Doernberger & Vita, P.C.
        1952 Whitney Avenue
        Hamden, CT 06517
        Tel. (203) 287-8890
        Fax (203) 287-8847

## CERTIFICATION

This is to certify that the foregoing was mailed, postage prepaid, on this 4th day of February, 2004 to the following counsel of record:

Helen M. Kemp, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

                                            */s/ Chastity A. DaSilva*
                                            Chastity A. DaSilva, Esq.
                                            Saxe Doernberger & Vita, P.C.