# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a | : | CIVIL ACTION  NO. |
| ARTHUR L. KALADISH, | : | 3:01 CV 184 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION | : | |
| and | : | |
| PROVIDENT LIFE & CASUALTY | : | |
| INSURANCE COMPANY, | : | APRIL 14, 2004 |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to this Court, Squatrito, J.'s, Order dated March 26, 2004, the Plaintiff, Lawrence Kaladish a/k/a Arthur L. Kaladish submits this Motion for Reconsideration of this Court's Order dated September 3, 2003, and more specifically requests that this Court reconsider Paragraph B, subsection 1 of its Order.  Attached hereto is a Memorandum of Law in support of Plaintiff's Motion for Reconsideration.

Wherefore, the Plaintiff respectfully requests that this Court grant the Motion for Reconsideration and upon reconsideration, that the Court strike

Paragraph B, subsection 1 of its Order dated September 3, 2003.

THE PLAINTIFF,
 LAWRENCE KALADISH a/k/a
ARTHUR L. KALADISH

By: _____
     Chastity A. DaSilva, Esq.
     Fed. Bar No. ct24080
     Tracy Alan Saxe, Esq.
     Fed. Bar No. ct06031
     Saxe Doernberger & Vita, P.C.
     1952 Whitney Avenue
     Hamden, CT 06517
     Tel. (203) 287-8890
     Fax (203) 287-8847

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a | : | CIVIL ACTION  NO. |
| ARTHUR L. KALADISH, | : | 3:01 CV 184 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION | : | |
| and | : | |
| PROVIDENT LIFE & CASUALTY | : | |
| INSURANCE COMPANY, | : | APRIL 14, 2004 |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR RECONSIDERATION

The plaintiff, Lawrence Kaladish a/k/a Arthur L. Kaladish (the "Plaintiff"), hereby submits this Memorandum of Law in support of his motion for reconsideration.

**I.     FACTS**

On September 3, 2003, this Court, Squatrito, J., issued an Order (the "Order") stating as follows:

> B.     STIPULATION, CD 1 and CD2
>
>> 1.     The parties will prepare, and plaintiff will enter, into a stipulation regarding the expert's "computer search" findings as shown in Paragraphs #7, 8, 9, 10 and 11 of his Affidavit. Defendants' Motion for Inference, Ex.  B (Affidavit of Eric Oram).

(Order, p. 2, ¶ B, § 1).

Pursuant to the Order, the Defendants' counsel forwarded to Plaintiff's counsel a proposed stipulation (the "Stipulation") to be entered into by the parties. Attached hereto as <u>Exhibit A</u> is a copy of the most recent draft of the Stipulation.

During the Telephonic Status Conference (the "Status Conference") held on March 23, 2004, the parties discussed the Stipulation. As stated during the Status Conference, the Plaintiff contends that he should not be ordered to enter into the Stipulation containing the computer expert's methods, findings, and conclusions regarding the computer search, and the contents of the Stipulation are a matter that should be subject to cross examination during the trial of this case. As a result of the parties' differing positions, the Court, by a subsequent order dated March 26, 2004, ordered the parties to brief this issue. Accordingly, the Plaintiff now submits this Motion for Reconsideration.

## II.    LEGAL STANDARD

Local Rule 7(c) states in relevant part that "[m]otions for reconsideration shall be . . . accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

"The standard for granting a motion for reconsideration is strict. Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Acequip Ltd. v. Am. Eng'g Corp.</u>, 218 F.R.D. 364, 365 (D. Conn. 2003). "Reconsideration of a previous ruling is appropriate . . . to prevent *manifest*

*injustice.*" (Emphasis added.) <u>MM Global Services, Inc. v. Dow Chemical Co.</u>, 2004 WL 556577 (D. Conn. 2004), citing <u>U.S. v. Sanchez</u>, 35 F.3d 673, 677 (2d. Cir. 1994).

## III.    ARGUMENT

The Plaintiff's Motion for Reconsideration of the Order should be granted because entering into the Stipulation will jeopardize the Plaintiff's case for the following reasons:

1.    By entering into the Stipulation, as ordered by paragraph B, subsection 1 of the Order, the Plaintiff's right to cross examine the computer expert, Eric Oram, will be extinguished or severely limited. Eric Oram is the computer expert retained by the Defendants to conduct the first computer search. The Plaintiff has a right to cross examine the computer expert with regard to the methods used, his findings, and conclusions. The Plaintiff will, in essence, be forced to waive this right if the Plaintiff is ordered to enter into the Stipulation.

2.    The Stipulation contains information which extends far beyond the Plaintiff's knowledge. Specifically, the Stipulation contains statements regarding the technical computer methods employed by Eric Oram to conduct the first computer search, as well as his findings and conclusions. For example, there is a list of file names which the expert alleges were saved, but no longer exist on the hard drive. (Stipulation ¶2). There is also an allegation that there were files contained in a "log file", suggesting that the files were "backed up onto CD at one time." (Stipulation ¶3). Finally, there are statements contained in the Stipulation suggesting that the Plaintiff accessed a software utility called WipeInfo to "wipe"

data from the computer, and that WipeInfo was last accessed on February 12, 2003. (Stipulation ¶4). Clearly, the Plaintiff cannot in good faith enter into the Stipulation which contains information he cannot verify.

3.      It would be manifestly unjust to order the Plaintiff to enter into the Stipulation because it is anticipated that the results of the computer searches will be contested and argued at trial. It is unjust to order the Plaintiff to stipulate to the very information which is going to be contested at trial. The Stipulation will jeopardize the Plaintiff's case because it will strip the Plaintiff of his ability and right to challenge Eric Oram's conclusions and findings from the computer search.

The Plaintiff's Motion for Reconsideration should be granted for the foregoing reasons the Plaintiff has provided to the Court, which the Plaintiff believes were "overlooked [by the Court] in the initial . . . order." *See* D. Conn. L.Civ.R. 7 (c); <u>Acequip</u>, 218 F.R.D. at 365 (motion to reconsider denied because the plaintiffs did not provide any controlling decisions or data that the court overlooked).

Furthermore, the granting of this Motion for Reconsideration will not prejudice the Defendants. The statements contained in the Stipulation are facts to which Eric Oram may testify at trial. The granting of this Motion merely keeps the burden on the Defendants to introduce into evidence the computer expert's findings. While it may be more convenient for the Defendants to have the parties enter into the Stipulation, the Court's granting of this Motion will not prejudice the Defendants and will prevent injustice to the Plaintiff.

Therefore, the Plaintiff's Motion for Reconsideration should be granted because ordering the Plaintiff to enter into the Stipulation is manifestly unjust.

## IV.    CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that this Court grant this Motion for Reconsideration and upon reconsideration, that the Court strike Paragraph B, subsection 1 of its Order.

THE PLAINTIFF,
 LAWRENCE KALADISH a/k/a
ARTHUR L. KALADISH


By: _____
Chastity A. DaSilva, Esq.
Fed. Bar No. ct24080
Tracy Alan Saxe, Esq.
Fed. Bar No. ct06031
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax (203) 287-8847

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 14th day of April, 2004 to the following counsel of record:

Helen M. Kemp, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Chastity A. DaSilva, Esq.