UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 30 P 1: 27
U.S. DISTRICT COURT
HARTFORD, CT.

LAWRENCE KALADISH a/k/a     :     CIVIL ACTION NO. 301 CV 184 (DJS)
ARTHUR L. KALADISH          :
                            :
        Plaintiff,          :
VS.                         :
                            :
UNUMPROVIDENT CORPORATION AND :
PROVIDENT LIFE & CASUALTY   :
INSURANCE COMPANY           :
                            :
        Defendants.         :     APRIL 29, 2004

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CROSS-MOTION TO ENFORCE STIPLUATION

The defendants, UnumProvident Corporation and Provident Life & Casualty Insurance Company (collectively, "Provident"), hereby submit this Objection to Plaintiff's Motion for Reconsideration and Cross-Motion To Enforce Stipulation. The plaintiff, Lawrence Kaladish, voluntarily, with the advice of counsel and pursuant to a valid Order of the Court, agreed to the stipulation with Provident concerning discovery issues. On September 3, 2003, upon joint motion by the parties, this Court issued an Order Re: Outstanding Computer and Discovery Issues which affirmed the stipulation entered into by the parties.

The Second Circuit has stated that reconsideration is appropriate only under certain conditions: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice. *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994). "The standard for granting such a motion is strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

In his Motion for Reconsideration, plaintiff has *not* argued that intervening law or new evidence require reconsideration. Neither does the plaintiff argue that reconsideration is necessary to correct a clear error of law. Rather, when shorn of its prose, the plaintiff only seeks to relitigate an issue already decided because he now perceives the stipulation as harmful to his case.

Because plaintiff is merely taking issue with the court's resolution of the various discovery motions and issues, and does not point to any facts or controlling law in his memorandum that the that the court overlooked, he fails to meet the threshold requirement for a motion for reconsideration. Accordingly, Court should summarily enforce the Stipulation and deny the plaintiff's Motion for Reconsideration. In support of this motion, Provident submits the enclosed Memorandum of Law.

DEFENDANTS,
UNUMPROVIDENT CORPORATION AND
PROVIDENT LIFE & CASUALTY
INSURANCE COMPANY


By *Helen M. Kemp*
Helen M. Kemp (ct14790)
Lisa K. Titus (ct22077)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
Email: hkemp@rc.com


### CERTIFICATION

This is to certify that a copy of the foregoing was mailed, certified mail, return receipt requested, on this 29th day of April, 200, to

Chastity A. DaSilva, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517


*Helen M. Kemp*
Helen M. Kemp