UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH,<br>　　　　Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION<br>and<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY,<br>　　　　Defendants. | CIVIL ACTION NO.<br>3:01 CV 184 (DJS)<br><br><br><br><br><br><br><br>MAY 5, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' REQUEST FOR *IN CAMERA* REVIEW**
**AND ORDER CONCERNING DOCUMENTS LISTED ON PRIVILEGE LOG**

The plaintiff, Lawrence Kaladish a/k/a Arthur L. Kaladish (the "Plaintiff"), hereby submits this memorandum in opposition to UmumProvident Corporation and Provident Life & Casualty Insurance Company's (the "Defendants") Request for *In Camera* Review and Order Concerning Documents Listed on Privilege Log.

**I.　　PROCEDURAL HISTORY**

Pursuant to this Court's Order dated March 26, 2004, on April 1, 2004, the Plaintiff forwarded to the Defendants an amended privilege log (the "Privilege Log") regarding the

laptop computer search. Thereafter, Defendants' counsel agreed to compromise on some of the documents listed in that Privilege Log. Attached hereto as <u>Exhibit A</u> is a copy of the Privilege Log for the laptop computer search. The items marked with an asterisk are the items that the Defendants have agreed are privileged. The remaining documents remain in dispute.

## II.  ARGUMENT

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The Plaintiff has sufficiently asserted that the documents listed on the Privilege Log are privileged. "When a party withholds information . . . claiming that it is privileged . . . the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed. . . ." Fed. R. Civ. P. 26(b)(5).

The Court Order, dated September 3, 2003, sets forth the parameters of the laptop computer search as follows:

> (a)  [T]he expert will review and analyze plaintiff's hard drive for documentation indicating money received or business conducted with regard to his occupation or profession or business activities.
>
> (b)  The expert may look for evidence business was conducted from or with regard to the information contained on plaintiff's website in the form of inquiries and responses.
>
> (c)  The expert may look for evidence of intentional obliteration, change or removal of data.
>
> (d)  The expert may verify dates and time of files to help determine the age of the hard drive.

2

(Court Order, ¶D, 4, September 3, 2003).

Based upon this Court's Order dated September 3, 2003, the laptop computer search is limited to documents indicating that the Plaintiff has been conducting business. It is important to note, therefore, that the Defendants are only entitled to documents that fall within the scope of the computer search as stated in this Court's Order dated September 3, 2003.

**A.    The Plaintiff properly asserted privileges in the Privilege Log.**

Contrary to the Defendants' argument in their Request for *In Camera* Review, the Plaintiff has complied with the requirements of Federal Rule 26(b)(5) by indicating "the nature of the documents" contained in the Privilege Log. *See* Fed.R.Civ.P. 26(b)(5).

The Defendants rely on a Western District of New York case, Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229 (W.D.N.Y. 1998), for the proposition that the Plaintiff has somehow waived his right to assert that the documents contained in the Privilege Log are in fact privileged. (Defendants' Request, p. 9). However, that case is distinguishable from the present case. In Land Ocean, the court held that the plaintiff waived its right to assert any privilege because it "failed to state with the particularity required by Fed.R.Civ.P. 26(b)(5) how [the] materials are privileged." Land Ocean, 181 F.R.D. at 238. In that case, the plaintiff objected to the defendant's discovery requests by merely stating that the requested information was "privileged and confidential." Id. Unlike the plaintiff in Land Ocean, the Plaintiff's Privilege Log in the present case states the privilege being asserted and the nature of the document as required by Rule 26(b)(5). As a result, the Plaintiff has properly asserted the privileges in the Privilege Log.

**B.   The documents in the Privilege Log should not be disclosed to the Defendants.**

The Plaintiff asserts that all of the documents listed on the Privilege Log are beyond the scope of the laptop computer search and, therefore, should not be disclosed to the Defendants. In the Request for *In Camera* Review, the Defendants discuss some of the documents contained within the sub-files to each of the categories of documents. While the Plaintiff provides the following arguments related to those specific documents discussed by the Defendants in their Request, the Plaintiff does not in any way waive its assertion of privilege as to all of the remaining documents listed on the Privilege Log.

    1.    **AOL File and Documents Regarding Boston Avenue Industrial Park Association**

The documents related to the Boston Avenue Industrial Park Association ("BAIPA") are beyond the scope of the laptop computer search because they are not evidence of the Plaintiff conducting business and, therefore, need not be disclosed to the Defendants. The Plaintiff owns a commercial building located at 1100 Boston Avenue in Bridgeport, Connecticut. The Plaintiff's commercial building is one of five buildings located in the industrial park known as the Boston Avenue Industrial Park. The five building owners are members of the BAIPA. The BAIPA is not a business owned by the Plaintiff, nor does the Plaintiff conduct business as a member of BAIPA. These emails relate to common charges, snow removal, landscaping, and other matters related to the BAIPA. The emails and documents regarding BAIPA are not relevant for purposes of the laptop computer search because they are not evidence of "business conducted" by the Plaintiff. *See* Court Order, ¶D, 4, September 3, 2003.

The above argument is the Plaintiff's position with regard to all of the documents regarding the BAIPA.

2. <u>L&L File</u>

a. The Plaintiff reiterates the argument above in the <u>AOL</u> section that documents related to BAIPA are beyond the scope of the computer search because they do not indicate that the Plaintiff has been conducting business. As such, these documents should not be disclosed to the Defendants.

b. <u>BMISEC</u>

This document is correspondence from the Plaintiff to one of his tenants at the commercial building located at 1100 Boston Avenue, Bridgeport, Connecticut. Surely, the fact that the Plaintiff has tenants in that building does not mean that the Plaintiff's occupation is that of a real estate developer. Such arguments made by the Defendants are unfounded. These documents are beyond the scope of the laptop computer search and, accordingly, should not be disclosed to the Defendants.

c. <u>KEMPltr50603, KEMPltr92603, and L&L1</u>

Drafts of correspondence to Attorney Kemp are not relevant to the issue of whether the Plaintiff has been conducting business. If these documents are copies of correspondence sent to Attorney Kemp, then she already has these documents in her possession. If these documents are copies of drafts of correspondence sent from Attorney Lou Bonsangue to the Plaintiff, then the Defendants are not entitled to such documents. Either way, these documents are beyond the scope of the computer search since they are not relevant to the issue of whether the Plaintiff has been conducting business. Therefore, these documents should not be disclosed to the Defendants.

The Defendants' position regarding not just this particular category of documents, but most of the documents listed on the Privilege Log, is indicative of the fact that that the computer searches are merely a fishing expedition. The Defendants have used these searches to attempt to uncover information which, after several computer searches, just does not exist. In addition, the Defendants are attempting to broaden the scope of these searches. The Court Order, dated September 3, 2003, is clear that the scope of the search is documentation that the Plaintiff has been conducting business. Clearly, correspondence addressed to Attorney Kemp is irrelevant to any of the claims and defenses in this case.

It is important for the Plaintiff to respond to some of the comments made by the Defendants regarding this category of documents. In the Defendants' Request for *In Camera* Review, the Defendants state that "normally Provident would not be interested in such letters." (Defendants' Request, p. 11). Such a statement by the Defendants is an indication that they are going beyond what they "normally" do in an attempt to uncover information that does not exist - - the documents listed on the Privilege Log are not "evidence that business was conducted on plaintiff's website" nor are the documents evidence of "business conducted" by the plaintiff. *See* Court Order, ¶D, 4, September 3, 2003. Therefore, the documents listed on the Privilege Log are beyond the scope of the laptop computer search and should not be disclosed to the Defendants.

    d.    <u>L&L7</u>

This document contains a single reference to "L&L Graphic Contractors, Inc." at the top of the page and then there are approximately three lines of random text containing terminology, which appears to be a portion of a lease. Contrary to the Defendants' argument that "as this document contains a reference to L&L graphics, it is relevant," this

document is not relevant as it is not a complete document and there is no reference within the random text indicating that the Plaintiff is or was conducting business since the date of his disability. Therefore, this document does not fall within the scope of the computer search and should not be disclosed to the Defendants.

  e. <u>L&L25-26</u>

L&L25 and L&L26 are two copies of the same document. These documents contain the Plaintiff's notes regarding the process of removing presses. These documents do not contain information regarding the Plaintiff's removal of presses with respect to a particular job. Since the date of disability, the Plaintiff has not continued his business of removing, selling, or installing presses. As such, these documents are beyond the scope of the laptop computer search and should not be disclosed to the Defendants.

  f. <u>OSHA~1-1</u>

This document is a copy of a letter from the Plaintiff to OSHA regarding his injuries. Contrary to the Defendants' argument, this document does not reference any "new injuries received in the performance of his duties after he claimed he was disabled" because the Plaintiff remains disabled and has not performed any of his duties since the date of his disability.

This document is beyond the scope of the laptop computer search because it is not evidence of the Plaintiff conducting business and, therefore, should not be disclosed to the Defendants.

  g. <u>Press Removal</u>

This document is the same document referred to above under <u>L&L25-26</u>. Therefore, the Plaintiff's position is the same as the position stated under <u>L&L25-26</u>.

7

h. <u>SANTOL~1</u>

This document is personal in nature and, therefore, beyond the scope of the computer search. This document is a letter from the Plaintiff requesting a release of a lien on real estate owned by the Plaintiff in Naugatuck, Connecticut. This document is not indicative of the Plaintiff conducting business and, therefore, is beyond the scope of the laptop computer search.

3. <u>Mail Box File</u>

The disputed documents contained in this file relate to the BAIPA. Therefore, the Plaintiff reasserts the arguments contained above in the section entitled <u>AOL</u>.

4. <u>Starkey File</u>

This file contains numerous emails regarding BAIPA. The Plaintiff reiterates the argument above in <u>AOL</u>. Also, the sub-file <u>Starkey14</u> contains approximately three lines of text, which text includes Madelyn Starkey's residential address. These documents are beyond the scope of the laptop computer search because they are not indicative of the Plaintiff conducting business. Accordingly, these documents should not be disclosed to the Defendants.

5. <u>QuickBooks File</u>

These documents relate to BAIPA. The Plaintiff refers the Court to the arguments in the section entitled <u>AOL</u>. As noted above, documents related to the BAIPA are beyond the scope of the laptop computer search and, accordingly, should not be disclosed to the Defendants.

The disputed documents are not relevant to any of the claims or defenses in this case and, therefore, should not be disclosed to the Defendants. *See* Fed.R.Civ.P. 26(b)(1).

In addition, this Court's Order further limits the discovery related to the laptop computer search to "business conducted with regard to [the Plaintiff's] occupation or profession or business activities." (Court Order, ¶D, 4, September 3, 2003). The Defendants are attempting to broaden the scope of the laptop computer search to encompass documents which are not evidence of the Plaintiff conducting business. The documents in dispute should not be disclosed to the Defendants because they are not relevant to any of the claims and defenses in this case and are beyond the parameters of the laptop computer search. See Fed.R.Civ.P. 26(b)(1); (Court Order, ¶D, 4, September 3, 2003).

### III. CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that this Court deny the Defendants' Request for *In Camera* Review and Order Concerning Documents Listed on Privilege Log.

>THE PLAINTIFF,
>LAWRENCE KALADISH a/k/a
>ARTHUR L. KALADISH
>
>By: _____
>Chastity A. DaSilva, Esq.
>Fed. Bar No. ct24080
>Tracy Alan Saxe, Esq.
>Fed. Bar No. ct06031
>Saxe Doernberger & Vita, P.C.
>1952 Whitney Avenue
>Hamden, CT 06517
>Tel. (203) 287-8890
>Fax (203) 287-8847

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 5th day of May, 2004 to the following counsel of record:

Helen M. Kemp, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT  06103

_____
Chastity A. DaSilva, Esq.