UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a : | CIVIL ACTION NO. 301 CV 184 (DJS) |
| ARTHUR L. KALADISH : | |
|       Plaintiff : | |
| : | |
| V. : | |
| : | |
| UNUMPROVIDENT CORPORATION AND : | |
| PROVIDENT LIFE & CASUALTY : | |
| INSURANCE COMPANY : | |
|       Defendants : | May 10, 2004 |

**DEFNDANT'S REPLY MEMORANDUM IN
SUPPORT OF ITS REQUEST FOR *IN CAMERA* REVIEW**

The defendants UnumProvident Corporation and the Provident Life & Casualty Insurance Company (hereinafter collectively known as "Provident"), hereby submit this reply brief in further support of an order compelling plaintiff to produce certain documents listed on his amended privilege log dated April 1, 2004.

As this court is aware, in order to show that he is totally disabled in accordance with the terms of his policy, Kaladish must show that he is unable to perform the material and substantial duties of his occupation or occupations if he has more than one. The policy clearly states that "Your occupation means the occupation (or occupations if more than one) in which you are regularly engaged in at the time you become disabled." See Exhibit. A (Policy, p. 4)

Kaladish has contended that he had only one occupation, that of service technician and he is totally disabled from it. Provident has alleged that Kaladish had more than one occupation and continued to work in his real estate occupation (development and rentals) throughout the time he claimed to be disabled.

Provident also asserts that the emails and documents noted on the privilege log are evidence of Kaladish continuing to work at his occupation. Kaladish has objected to producing these documents on the basis that "the fact that Plaintiff has tenants in [that] building does not mean that Plaintiff's occupation is a real estate developer." (P. Obj. p. 5). To the contrary, Provident asserts that it does and these emails indicate the level, extent and scope of Kaladish's activities and work during the time he claims to be disabled.

So that the court fully appreciates the nature of Provident's argument, Provident attaches a copy of Kaladish's 1998 tax return[1] to this reply memorandum as Exhibit B. Provident notes that Kaladish became disabled on February 10, 1999 and thus his 1998 return is reflective of his occupation prior to the onset of his disability.

With regard to the tax return, Provident notes that Kaladish shows no "W-2" wage or income (see Exh. B, Line 7, p. 000663[2]). That is, Kaladish did not receive any actual wages or salary from any job or occupation including that of being a service technician in 1998. As his tax return further shows, he had no taxes and no social security taken from any "pay" or wage. Both the FICA and the FUTA impose taxes on employers based on the wages paid to individuals in their employ. 26 U.S.C. §§ 3111, 3301. That regulation further specifies that there is an exception for an "officer of a corporation who as such does not perform *any* services or performs only *minor* services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration[.]" Treas. Reg. § 31.3121(d)-1(b). The regulations promulgated pursuant to the FUTA are identical. Treas. Reg. § 31.3306(i)-1(e). Accordingly, the only way that Kaladish could avoid being paid wages (and having taxes taken out of his wages) for being a "service

---

[1] For privacy reasons some pages of the tax return not relevant to this argument have been redacted.
[2] The "bates stamped numbering" on the exhibits was done by plaintiff's former attorney, Attorney Bonsangue.

technician" is if, as the president of L&L Graphics, he only performed "minor" services as a service technician.

Provident next refers the court to Kaladish's "Schedule E" which is supplemental income and loss from rental real estate (Exh. B, pp. 000670-72). There are *five* properties from which Plaintiff receives rental income including "Boston Avenue" (also known as 1100 Boston Avenue and BAIPA) for which he received $257,131 in rental income, and a land and farm in Holmes, Mississippi (the catfish farm) for which he received $35,000 in rental income. His income from L & L Contractors, Inc., on the other hand is $2,875 (Id., p. 000671).

More importantly, Kaladish's 1998 Form 8582 (Id., p. 000686) indicates that he is taking a "special allowance for rental real estate with *active participation*." (Emphasis added.) In order to qualify for this tax benefit, the taxpayer must actively participate in the rental activity. For example, an individual may meet the demand for active participation requirement if he participates in the making of management decisions or arranges for others to provide services in a significant and bona fide sense. *See generally* I.R.C. Sec. 469(i). The requirement for active participating applies in the year in which the loss arose. Id.

Kaladish's tax return shows that Kaladish worked at his rental real estate occupation prior to the onset of his disability, Provident's position is that Kaladish therefore needs to show that he is, and was, disabled from this occupation as well. Many of the disputed documents on the privilege are emails concerning the corporation known as the Boston Avenue Industrial Park Association (BAIPA). Plaintiff was a director of BAIPA in 1998 (the year prior to his accident) and remains a director of the corporation today. Plaintiff would have the court believe that these documents only relate to the common charges and have no relevance to the issue of whether or

not he has been conducting any type of business since his disability. Provident disagrees and maintains these documents are relevant to its case and defenses.

Provident once again urges the court to look at *all* the documents regarding BAIP that are contained in the privilege log. While it is true that some of the documents relate to "common charge" issues, numerous emails concern "financial information", proposal for accounting services (by Madelyn Starkey), correspondence to bondholders, "QuickBooks" programs used for BAIPA (and ostensibly operated by plaintiff), "customer" balance sheets, tax appeals, "customer" transaction lists, cash flow, cash projection and vendor information – in short – all subjects which are indicia of ownership *and of the management* of a corporation. Provident also notes the use of the term "customer" rather than tenant or company to describe the file or document in question.

Lastly, and more importantly, Provident notes that with regard to claims of disability, whether or not plaintiff is *paid* for performing these duties is not as relevant whether plaintiff is *capable* of performing them. In sum, Provident asserts that this information is indeed relevant: (1) to determine plaintiff's occupation at the time of his injury in February 1999; (2) to determine if plaintiff is currently performing the duties of his occupation(s) and (3) to determine if plaintiff is disabled from his performing his managerial duties.

For the forgoing reasons, Provident believes that these documents are not privileged and are relevant to the issues in the case. Provident asserts that Plaintiff has failed to meet his burden of establishing that the documents listed on his log are indeed privileged. Accordingly Provident request that:

    1.    The Court order plaintiff to produce the documents in question to the Court for an *in camera* review, and

- 5 -

2. Based upon the forgoing legal percepts and explanation, the Court reviews the documents to determine if they are either privileged or relevant. If the Court concludes that the documents are relevant, then they must be produced to the defendants.

>UNUMPROVIDENT CORPORATION
>AND PROVIDENT LIFE & CASUALTY
>INSURANCE COMPANY
>
>By *Helen M. Kemp*
>Helen M. Kemp (ct 14790)
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>Tel. No.: (860) 275-8200
>Fax No.: (860) 275-8299
>E-mail: hkemp@rc.com

- 6 -

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on this 10th day of May, 2004, to

Chastity A. DaSilva, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517

                                                    Helen M. Kemp