UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

| | |
|---|---|
| LAWRENCE KALADISH a/k/a ARTHUR L. KALADISH,<br>　　Plaintiff,<br>-v-<br><br>UNUMPROVIDENT CORP. & PROVIDENT LIFE & CASUALTY INSURANCE CO.,<br>　　Defendant. | 3:01CV184 (DJS)<br>2004 JUN 10  P 4: 34<br><br>U.S. DISTRICT COURT<br>HARTFORD, CT. |

## ORDER

Now pending before this court is the plaintiff's motion for reconsideration **[doc. #109]** and the defendant's cross motion to enforce the stipulation **[doc. #111]**. The motion for reconsideration is **DENIED** and the cross-motion to enforce is **GRANTED**.

The plaintiff, Lawrence Kaladish, argues that the Order of the Court, dated September 3, 2003, requiring the parties to enter into a stipulation of fact regarding the findings contained in paragraphs 7, 8, 9, 10 and 11 of the Eric Oram Affidavit will result in a manifest injustice to the plaintiff's case. The court is unpersuaded by this claim.

The order to enter into a stipulation reflected the result of a concerted effort by the plaintiff, his then attorney, the defendant and the court over a period of many weeks. There is no evidence that the plaintiff was unaware of the negotiations regarding the computer search discovery or that the plaintiff did not know and approve the substance of the agreement he entered into with the defendant. This court will not revisit its order solely because the plaintiff has concluded, with the benefit of hindsight, that his litigation strategy in the summer of 2003 was less than ideal.

Certainly, the plaintiff does have the right to contest the inferences that the finder of fact will need to draw from the stipulation, and the existence of the stipulation does not prevent him

from exercising that right. Further, the terms of the stipulation are not dictated by the court's order, which instructs the parties to prepare a stipulation regarding the findings shown by the listed paragraphs of the Oram Affidavit. There is nothing to prevent the plaintiff from negotiating with the defendant to determine the language of the stipulation, if the present draft is deemed too suggestive or conclusory for the plaintiff's taste. Indeed, the court's order presumes that the parties will draft a stipulation that includes mutually agreeable language, so long as the content of the stipulation conforms with the court's instructions.

The plaintiff knowingly and with the advice and involvement of his lawyer entered into an agreement regarding the conduct of discovery as it relates to the computer searches, and that agreement is properly reflected in the court's Order dated September 3, 2003. There is no basis for relieving the parties of the effect of that order, and the court will not revisit a litigation issue previously resolved by the parties in good faith.

**IT IS SO ORDERED** at Hartford, Connecticut, this 10th day of June, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE