# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a ARTHUR L. KALADISH | : | CIVIL NO. 301CV184 (DJS) |
| | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION AND PROVIDENT LIFE & CASUALTY INSURANCE COMPANY | : | |
| | : | |
|     Defendants. | : | JUNE 25, 2004 |

## MEMORANDUM OF SUPPORT OF
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The defendants in the above captioned matter, UnumProvident Corporation and the Provident

Life and Casualty Insurance Company (hereinafter and collectively as "defendants" or "Provident"),

hereby move for a protective order with respect to Notices of Deposition served by the plaintiff,

Arthur L. Kaladish, on the following individuals for the following locations, dates and times:

Barbara Carra, in house counsel for UnumProvident, at Saxe, Doernberger & Vita, P.C. 1952 Whitney Avenue, Hamden, CT 06517 on Friday, June 25, 2004 at 2:00 p.m., a copy of which has been attached hereto as Exhibit A;

Provident pursuant to Rule 30(b)(6), at Saxe, Doernberger & Vita, P.C., 1952 Whitney Avenue, Hamden, CT 06517 on Wednesday, June 30, 2004 at 2:00 p.m., a copy of which has been attached hereto as Exhibit B; and

Eric Oram, defendant's computer expert, at Saxe, Doernberger & Vita, P.C., 1952 Whitney Avenue, Hamden, CT 06517 on Wednesday, June 30, 2004 at 9:00 a.m.; a copy of which has been attached hereto as Exhibit C.

As set forth more fully below, Plaintiff's deposition notices are unduly burdensome and harassing. As counsel for UnumProvident, the noticing of Attorney Carra's deposition is not only violative of the attorney client privilege but was also done to annoy and harass defendants; the Rule 30(b)(6) motion is unduly burdensome and harassing both in light of the depositions and discovery already completed in this case as well as the amount of time Provident was given to prepare; and lastly, Oram's Affidavit is in contravention of a Court endorsed stipulation that was agreed to be in lieu of deposition or trial testimony. Furthermore, for all of these depositions, the notice of deposition does not give a reasonable time for deponents to appear and therefore a protective order should be entered.

Accordingly, and as explain more herein, Provident seeks an Entry of Protective Order pursuant to Fed. R. Civ. P. 45(c) and 26(c) with regard to these depositions.

## I.    FACTUAL INTRODUCTION

This case concerns a dispute over denial of payment of disability benefits under a disability insurance policy (the "Policy") issued by Provident to the plaintiff, Lawrence Kaladish. Provident issued a disability income policy to the plaintiff. The plaintiff claims to be totally disabled as of February 10, 1999 due to cervical injuries and made a claim for benefits in April 1999 alleging that he was totally disabled.

Defendants approved the initial claim and plaintiff received benefits under this plan for approximately fifteen months. Information received by the defendants indicated that plaintiff might have improved his medical condition during this time to the point that he was not disabled pursuant to the terms and conditions of the Policy. Specifically, defendants obtained a videotape of plaintiff

performing certain gardening chores, including the use of a pickaxe that belied his claims of total disability. Pursuant to its discretion to determine eligibility for coverage, defendants reviewed plaintiff's medical documentation, job description and other information including surveillance tapes and reports, and determined that plaintiff was no longer entitled to benefits. Additionally, questions were raised about his occupation at the time he claimed to be disabled.

Defendants denied coverage on the ground that plaintiff, even if injured, was not disabled from working. Thus, Provident paid the plaintiff total disability benefits under the policy until July 11, 2000, terminating the benefits after this date when it concluded that he was no longer totally disabled under the terms of the policy. In March 2001, the plaintiff underwent a cervical fusion. From the date of the fusion, to the date of this Motion, defendants have been paying plaintiff disability benefits under a reservation of rights.

The plaintiff has therefore filed suit against the defendants for breach of contract, willful failure to pay benefits, breach of the covenant of good faith and fair dealing, unfair claim settlement practices, unfair trade practices, negligent infliction of emotional distress and intentional infliction of emotional distress for the defendants' termination of benefits from July 2000 to April 2001. Defendants have filed counterclaims alleging that plaintiff misrepresented his occupation and physical condition throughout the time that he claimed to be disabled.

Defendants note that discovery ends on June 30, 2004 and that the joint trial memorandum is due in this case on July 30, 2004.

## II.    ARGUMENT

### A.    Legal Basis

It is well established that pursuant to Federal Rule of Civil Procedure 26(c) (4), the Court has

the discretionary power to limit and control the boundaries of discovery. *Sunbelt Savings FSB*

*Dallas, Texas v. Amercorp Realty Corp.*, 730 F. Supp. 741 747 (N.D. TX. 1990); *Blum v. Shlegel*,

150 F.R.D. 38, 41 (W.D. N.Y. 1993).

The Court may quash a deposition notice or otherwise set limitations on a deposition upon a

finding that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

Civ. P. 26(b) (2) (iii).  Furthermore, Federal Rule of Civil Procedure 26(c) specifically provides for

the following:

> "Upon motion by a party...and for good cause shown, the court in which the action is
> pending or alternatively, on matters relating to a deposition, the court in the district where the
> deposition is to be taken may make any order which justice requires to protect the party or
> person from annoyance, embarrassment, oppression, or undue burden or expense, including
> one or more of the following:
>
> (1)    that the disclosure or discovery not be had;
> (2)     that the disclosure or discovery may be had only on specified terms and conditions,
>         including a designation of the time or place..."

Fed. R. Civ. P. 26(c).  Moreover, Federal Rule of Civil Procedure 30(b) (1) requires a party seeking

to depose any person upon oral examination to give "reasonable notice" in writing to every other

party to the matter.

### B.    The Court Should Issue A Protective Order with Regard to the
### Deposition of UnumProvident Counsel Barbara Carra.

As noted *supra*, plaintiff wishes to depose Barbara Carra, UnumProvident's litigation

counsel previously assigned to the Kaladish matter.  Attorney Carra was assigned to the case only

after the commencement of litigation, that is, she was only assigned to the case *after* Provident had received the summons and complaint in this matter. As counsel, Attorney Carra managed all litigation aspects of the case, directed local counsel as to appropriate legal actions and provided legal advice and strategy with regard to the defense of the case. Attorney Cara has also acted as liaison between relevant Provident employees and local counsel. Provident's counsel received the notice of Deposition for Attorney Carra via email on Wednesday, June 23, 2004 – two days prior to the scheduled deposition.

Plaintiff has stated that he wished to depose Attorney Carra due to her attendance at a court ordered *settlement conference* held on June 18, 2002 in front of Magistrate Thomas Smith. Attorney Carra attended this conference as the in house counsel for UnumProvident. The relevant facts surrounding this conference are as follows: giving full name and title, Attorney Carra was introduced by Attorney Helen M. Kemp, Provident's local counsel, to Plaintiff's then-attorney, Louis J. Bonsangue. The parties stayed in Judge Smith's court room until such time that he came out of Chambers and asked to speak to the trial counsel for an initial meeting. Attorney Kemp asked Judge Smith if he also wished Attorney Carra to attend the preliminary meeting and Judge Smith stated that he only wished the trial attorneys present at that juncture. Upon leaving the courtroom to go into Chambers, Attorney Bonsangue turned to both Attorney Carra and his client and made a comment to the effect that this (the meeting between the two trial counsel and the Judge) would give the two (Attorney Carra and his client) a chance to become better acquainted. Attorneys Bonsangue and Kemp went to confer with Judge Smith.

Two years later, plaintiff now wishes to depose Attorney Carra ostensibly about the conversation between Attorney Carra and himself that day. Plaintiff claims that Attorney Carra impermissibly did not restrict herself from speaking directly to plaintiff and thus has opened the door to a deposition on the conversation and unspecified other issues.

Defendants object to Attorney Carra's deposition on several bases, first and foremost being that such a deposition is barred under the attorney client privilege. Defendants also object because such inquiry seeks information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

      *1.    As counsel for UnumProvident, the deposition notice should be quashed on the basis of attorney-client privilege.*

Provident objects to the taking of Attorney Carra's deposition on the basis of the attorney client privilege and the work product doctrine especially as the exact scope of plaintiff's deposition is unknown. Provident assumes that plaintiff would ask not only about the conversation but whether or not Attorney Carra repeated or relayed information from the conversation to defendants' local counsel or other UnumProvident employees or used it in the defense of the case.

It is well settled that the attorney-client privilege applies to communications between the corporation and its attorneys, whether corporate staff counsel or outside counsel. The privilege attaches to communications with in-house counsel if the individual in question is acting, as in this case, as an attorney, rather than as a participant in the underlying events. *Bruce v. Christian*, 113 F.R.D. 554, 560 (S.D.N.Y. 1986). Confidential communications between in-house counsel and corporate employees are privileged to the same extent as communications between outside counsel

and a client. See, e.g., *Upjohn Co. v. United States*, 449 U.S. 383, 394-95, 101 S. Ct. 677, 684, 66 L. Ed. 2d 584 (1981); *In Re Grand Jury Subpoena Dated Dec. 19, 1978*, 599 F.2d 504, 510 (2d Cir. 1979) ("So far as the corporate attorney-client privilege is concerned, the privilege is unqualified, so that if the communication to corporate counsel is made by an employee found to be within the privilege, it is not discoverable."); *United States v. Brennan*, 938 F. Supp. 1111, 1130 (E.D.N.Y. 1996); see also *United States Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994); *Hertzog, Calamari & Gleason v. Prudential Ins. Co. of Am.*, 850 F. Supp. 255, 255 (S.D.N.Y. 1994); *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 643-44 (S.D.N.Y. 1991); *United States v. Davis*, 131 F.R.D. 391, 401 (S.D.N.Y. 1990); *O'Brien v. Board of Educ.*, 86 F.R.D. 548, 549 (S.D.N.Y. 1980) (Leval, D.J.); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 503.12[1][c].

Second Circuit law is clear that that the attorney-client privilege applies to communications between corporate counsel and corporate employees when the communications were made "in order to secure legal advice from counsel" and "concerned matters within the scope of the employees' corporate duties." *Upjohn*, 449 U.S. at 394; *Davis*, 131 F.R.D. at 401 (noting that communications between in-house counsel and corporate employees may be protected by attorney-client privilege if in-house counsel was "functioning as an attorney"). The attorney-client "privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation." *Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995).

Attorney Carra's communications, be it with Provident employees or outside counsel, are protected by the attorney-client and work-product privilege. *Perlata v. Cendant Corp.*, 81 FEP

1328, 1331 (D.Conn. 1999) (holding that the work product privilege protects communications by

counsel to the former employee regarding the counsel's conclusions, opinions, or legal theories);

*Dubois v. Gradco Systems, Inc.*, 136 F.R.D. 346(D.Conn. 1991) (communications between counsel

and managerial level former employee are privileged and cannot be disclosed without a valid

waiver).

Because the attorney client privilege attaches to all of Attorney Carra's communication either

with local counsel or with corporate employees, her deposition should not be allowed. See *United*

*States v. Yonkers Board of Education*, 946 F.2d 180, 185 (2d Cir. 1991)(as a general rule, in

accordance with the attorney-client privilege, depositions of opposing counsel are strongly

disfavored by courts).  Accordingly, Provident objects to the taking of this deposition and requests

that the court grant its motion for a protective order.

> 2.    *A protective order should be issued because such a deposition will
> not lead to admissible evidence.*

Defendants note to the court that the conversation that plaintiff wishes to depose Attorney

Carra on and about occurred during the course of a court mandated settlement conference.

Fed. R. Evid. 408 provides in relevant part:

Evidence of (1) furnishing . . . or (2) accepting . . . a valuable consideration in
compromising or attempting to compromise a claim which was disputed as to
either validity or amount, is not admissible to prove liability for or invalidity of the
claim or its amount. Evidence of conduct or statements made in compromise
negotiations is likewise not admissible.  See also *Pierce v. F.R. Tripler & Co.*, 955
F.2d 820  (2d Cir.)(1992).

The exclusion of compromise efforts "is based on the strong public policy favoring

negotiated resolution of disputes. Since parties may be inhibited in making offers of compromise by

the fear that these will be used against them if the compromise efforts fail, the law alleviates that fear and encourages the making of offers of compromise by making these privileged." *Duse v. International Business Machines Corp.*, 748 F. Supp. 956  (D. Conn. 2002) quoting Wright & Graham, *Federal Practice & Procedure*: Evidence: § 5302.

While the rule's prohibition against the admissibility of settlement offers is not absolute when the evidence is offered for other purposes, such as proving bias or prejudice of a witness, FRE Rule 408; *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2nd Cir. 1989), such is not the case here.  Indeed, the plaintiff has not indicated any valid reasons why the deposition should be taken or why the information to be obtained through this deposition is even relevant to the case at bar.

In the few cases that have allowed testimony or evidence as a result of settlement conferences, these courts have held that such testimony or evidence requires a particularized showing of relevance before they may be discovered. This heightened requirement is justified by policy concerns. See, e.g., *SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 2141, No. 92 Civ. 6987, 1996 WL 94533, at *2 (S.D.N.Y. Feb. 27, 1996); *Matsushita Elecs. Corp. v. Loral Corp.*, 1995 U.S. Dist. LEXIS 12880, No. 92 Civ. 5461, 1995 WL 527640, at *4 (S.D.N.Y. Sept. 7, 1995); *Riddell Sports, Inc. v. Brooks*, 1995 U.S. Dist. LEXIS 434, No. 92 Civ. 7851, 1995 WL 20260, at *1 (S.D.N.Y. Jan. 19, 1995); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 451 (S.D.N.Y. 1988); see also *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982)(given strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining

table from unnecessary intrusions, we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated).

Plaintiff has not made such a showing or why, since plaintiff himself participated in the conversation, a deposition on this conversation is even required.  Accordingly, the only conclusion that can be reached is that the deposition has been noticed solely to annoy, harass and otherwise burden the defendants and as such, the court should issue a protective order prohibiting the deposition.

### C.     Plaintiff's 30(b)(6) Deposition Notice Should be Quashed Because It is Unduly Burdensome and Harassing.

#### 1.     Plaintiff's 30(b)(6) Notice Duplicates Subjects of Inquiry that have already been exhausted.

Provident objects to the Rule 30(b)(6) motion and seeks a protective order on the grounds enumerated below. As the Second Circuit has stated, "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotations omitted).  Accordingly, as plaintiff has requested a deponent regarding the occupation of the plaintiff on the date of his disability as well as the basis of denial of his claim for disability payments, Provident would usually make available the claims personnel involved in the handling of the claim.  However, in this case, the relevant claims personnel, Lisa Bengyak and Steven Carlson, have already been deposed by the plaintiff.  Provident maintains that the 30(b)(6) deposition may not be justified as such a deposition would simply be redundant of its witnesses in their individual capacities.

Additionally, plaintiff's 30(b)(6) Notice is unduly burdensome and harassing in light of the depositions and discovery already completed in this case. As noted *supra*, both Bengyak and Carlson (among others) have already been deposed in this case, Indeed, Bengyak was deposed (via order of the court) on two separate occasions and in far excess of the seven hours allowed by the Federal Rules of Practice. Defendants made clear to Plaintiff at the close of those depositions that they believed Plaintiff had by then exceed the time allotted for such discovery, and that Defendants would object to the renoticing the depositions of Bengyak or Carlson.

As a result, Plaintiff has instead issued a blanket 30(b)(6) notice that purports to seek deponents other than these two fully-deposed individuals, to avoid running afoul of the seven-hour limit. However, to the extent that this new Deposition Notice seeks any information that is relevant to this case, such information has already been given to plaintiff in Ms. Bengyak's depositions, Mr. Carlson's deposition, and in the mountains of paper produced to plaintiff.

Accordingly, defendants submit that Plaintiff's 30(b)(6) Notice is unduly burdensome, and harassing. It is unfair to subject Defendants to further expense (in a case that has already proven unfairly expensive and burdensome to defendants) simply because Plaintiff recasts old discovery requests in new terms, in an effort to create its case. Plaintiff's issuance of the Rule 30(b)(6) appears to be a thinly disguised attempt to get a second chance at deposing Carlson and a third chance at deposing Bengyak. Accordingly, the Court should issue a protective order to with regard to plaintiff's notice for a Rule 30(b)(6) deposition.

2.      *Plaintiff's Rule 30(b)(6) Notice Identifies Subjects of
        Inquiry That Are Entirely Outside the Scope of Permissible
        Discovery and Which Have Already Been Ruled Upon By
        the Court..*

Provident also objects to the Rule 30(b)(6) Motion which requests that Provident designates

someone to testify with regard to:

> *Matters known or reasonably available to UNUM regarding the financial
> reports of including but not limited any/all 10K reports filed within the
> time frame of the denial of the disability claim which was dated August 8,
> 2000.*

Provident objects to this designation because this thinly veiled discovery request is almost

identical to discovery requests previously filed by Attorney Bonsangue, objected to by

UnumProvident and sustained by the Court. This request (regarding the discovery of all 10k reports,

etc.) was discussed *at length* with both counsel and Judge Squatrito at a status conference held at

Chambers on September 18, 2001. Provident's objection to discovery on this issue was upheld by

Judge Squatrito at the conclusion of the status conference (see also <u>Ruling and Order of the Court</u>

(10/05/03)). Accordingly, plaintiff has already attempted discovery on this issue only to have

Provident's objections upheld by the court – plaintiff should not be allowed to have a second bite of

the apple on this area.

Second, under the Federal Rules of Civil Procedure, discovery may be had only of material

that is relevant. Provident further objects to this area of inquiry on the grounds that such inquiry

seeks information which is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. Defendants note that under the authority

of *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), as well as established principles of relevancy and

the scope of permissible discovery, the requested discovery is improper because it seeks information

regarding information and possibly conduct that bears no relation or nexus to the harm allegedly

suffered.  Provident further objects on the grounds that the area of inquiry is vague, ambiguous,

overly broad, and unduly burdensome and it seeks information which could be confidential,

proprietary information and/or trade secrets.

> 3.    *The location of a Rule 30(b)(6) deposition should be at the corporate site.*

Lastly, Provident objects to the deposition on the basis of date, time and location and has

filed this motion for a protective order requiring the plaintiff to conduct the deposition if allowed by

the court to where the witness and his or her corporate entity are located.

With regard to location, Provident notes that it previously objected to the location of the

depositions of its witnesses (see, e.g. Motion to Quash (Jan. 24, 2002)) and after the intervention of

the court via several telephone conferences, it was agreed that all corporate depositions would take

place in Worcester.  It appears that plaintiff's new counsel has chosen to ignore this agreement,

Provident asserts that the deposition should be conducted where the Rule 30(b)(6) witness and/or

corporate entity is located – in this case the location would be either in Chattanooga, Tennessee or in

Worcester, Massachusetts.  As a general matter, there is a presumption that a defendant or non-party

witness shall be deposed in the district where the deponent resides or has a principal place of

business.  See *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155

(S.D.N.Y. 1997).

In this case, Provident seeks a protective order holding that the deposition of a Rule 30(b)(6) witness, if it is to be conducted, be held at the corporate location in Worcester, Massachusetts or at its counsel's office in Hartford, Connecticut whichever is more convenient for the deponent.

As a general matter, there is a presumption that a defendant or non-party witness shall be deposed in the district where the deponent resides or has a principal place of business. See *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997); See *Buzzeo v. Board of Education of Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998); *Snow Becker Krauss P.C. v. Proyectos e Instalaciones de Desalacion, S.A.*, 1992 U.S. Dist. LEXIS 19026, 1992 WL 395598, at *3 (S.D.N.Y. Dec. 11, 1992); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Underlying this rule is the fact that plaintiff has chosen the forum of the action, whereas the defendant has not. *Buzzeo*, 178 F.R.D. at 392. Moreover, it is generally the plaintiff who must "bear any reasonable burdens of inconvenience that the action presents." *Gulf Union Ins. Co. v. M/V Lacerta*, 1992 U.S. Dist. LEXIS 2759, 1992 WL 51532, at *5 (S.D.N.Y. March 9, 1992).

In addition, Rule 30(b)(6) generally requires that discovery be conducted where the corporation is located. See generally 4 Moore's Federal Practice, para. 26.70[1-4] at p. 25-456 ("the depositions of officials of a corporate party should be taken at the corporation's principal place of business." Wright & Miller, Federal Practice and Procedure: Civil § 2112, at p. 410 ("[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business"). This is particularly so where the corporation is the defendant, because a defendant "will usually be examined at his residence or place of business or employment, and if proper objection is made to a notice naming some other place, by motion under Rule 26(c), normally such

- 14 -

objection will be successful." Moore's, supra, para. 26.70[1.-3], at p. 26-454.  In contrast, a plaintiff

has selected the place for trial and will usually have to present himself at that place for the taking of

his deposition.  Moore's, supra, para. 26.70[1.-2], at p. 26-449.  Provident therefore requests that if

such a deposition is allowed, it be held at the corporate location.

Provident also seeks a protective order based upon timeliness. The notice for this deposition

was received on Monday, June 21, 2004.  The deposition is scheduled for Tuesday, June 29, 2004 –

8 days later.  By allowing Provident only one week in which to produce an out of state witness, the

plaintiff has inflicted annoyance, oppression and undue burden on Provident.  Cf. In re Statosphere

Corp. Securities Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) (notice of deposition issued six days

before deposition provided unreasonably short notice).

D. **Due to the Stipulation Between the Parties, the Deposition Notice for Eric Oram should be Quashed.**

1. *The Stipulation of Facts was intended to negate the requirement of a deposition.*

Provident seeks a protective order with regard to plaintiff's deposition of Eric Oram, a

Computer Forensic Analyst and Trainer with DIBS USA, Inc., who performed the search and/or

forensic examination of a computer belonging to the plaintiff.  Oram works and resides in Texas.

Provident seeks a protective order on the basis of the parties' agreement, and the court's

subsequent order enforcing same, that the parties had agreed to present a Stipulation of Facts

concerning Oram's testimony (for trial purposes) *in lieu of* a deposition and trial testimony.

Provident also seeks a protective order with regard to the location of the deposition. Furthermore, a

protective order should be entered because the plaintiff has provided Oram, who resides in the

Dallas-Fort Worth area of Texas, with approximately one week's notice for a local deposition. Accordingly, the deposition notice does not give a reasonable time for Oram to appear and therefore a protective order should be entered

As more fully explained in Provident's Memorandum of Law in Support of Defendants' Objection to Plaintiff's Motion for Reconsideration and Cross-Motion to Enforce Stipulation (April 29, 2004), on August 27, 2003, the parties spend the better part of four hours at court with Judge Squatrito and Nancy Drane, his then law clerk, in resolution of certain discovery issues regarding the computer search. With regard to the Oram situation, the parties agreed to a stipulation with regard to the testimony of Eric Oram. During these discussions, the plaintiff questioned whether or not the computer consultant would testify at trial and if so, plaintiff wanted the opportunity to depose him. Provident agreed, that in return for the stipulation, Oram would not testify at trial. In turn, plaintiff agreed that as Oram would not testify at trial, he would not depose Oram. The stipulation obviated the need for the parties to travel to Dallas to depose Oram, for the defendants to obtain (and pay for) an expert report, for Oram to travel to Connecticut and testify at trial, and for plaintiff to retain his own expert on the same issue (thus delaying the proceedings even more).

Upon obtaining new counsel, the plaintiff moved for reconsideration of the stipulation, and once again, after consideration, the court held on June 10, 2004 that the stipulation was to be enforced.

Now, one week before discovery is due to end, and approximately one week after his motion for reconsideration was denied, plaintiff tries to take a third bite of the apple by taking the deposition of Eric Oram. Provident notes that the parties had agreed to the stipulation so that the costs of a

deposition could be avoided. Provident asserts that the plaintiff, apparently unhappy with the court's unfavorable ruling, is attempting to circumvent the enforcement of the stipulation by deposing Oram. The court should not countenance such behavior and should issue Provident the protective order.

While Provident believes that the court should not allow such a deposition as it violates the agreement of the parties, Provident also objects based upon location. There is no dispute that the expert lives in the Dallas, Texas area. According to the federal rules of practice discussed *supra*, the deposition should take place where the deponent is located – in this case Dallas, Texas.

With regard to the time-frame, Plaintiff's counsel noticed the deposition without consultation with Provident's counsel. Indeed, the first plaintiff's counsel was even made aware of the fact that plaintiff wanted to depose Oram was when she received an emailed deposition notice from him on Monday, June 23, 2004. There is insufficient time to arrange for the deposition of plaintiff's expert; plaintiff's expert does not reside in Connecticut; rather, he lives and works in Texas. See *Mims v. Central Mfrs. Mut. Ins. Co.*, 178 F. 2d 56 (C.A. Ala. 1949) (holding that a notice of deposition issued 3 days prior to deposition to take place in New York of witnesses who lived across the country failed to provide "reasonable notice"). As an expert witness, Oram would require more than one week to gather the requested documents, arrange travel and otherwise prepare for deposition. Accordingly, Provident requests that a Protective Order be granted with regard to the deposition of Eric Oram.

## III.  CONCLUSION

WHEREFORE, the defendant respectfully requests that the Court enter a protective order

regarding the plaintiff's Notices of Deposition

<div style="margin-left:40%">

Respectfully Submitted,

+DEFENDANTS
UNUMPROVIDENT CORPORATION AND
PROVIDENT LIFE & CASUALTY
INSURANCE COMPANY


By _Helen M. Kemp_____

Helen M. Kemp (ct 14790)
Theodore J. Tucci (ct 05249)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: hkemp@rc.com

</div>

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and mailed, postage

prepaid, on this 25th day of June, 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517



_Helen M. Kemp_____
Helen M. Kemp