UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH<br><br>　　　　Plaintiff,<br>VS.<br><br>UNUMPROVIDENT CORPORATION AND<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY<br><br>　　　　Defendants. | : CIVIL ACTION NO. 301 CV 184 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JUNE 28, 2004 |

### MOTION TO PRECLUDE EXPERT TESTIMONY

The defendants, UnumProvident Corporation and Provident Life & Casualty Company (hereinafter collectively ("Provident") hereby move to preclude the expert testimony of Plaintiff's expert witness, Dr. Gerard Girasole, on the grounds of inadequate disclosure and an inadequate report.

**I.　　FACTUAL INTRODUCTION**

This case concerns a dispute over denial of payment of disability benefits under a disability insurance policy (the "Policy") issued by Provident to the plaintiff, Lawrence Kaladish. Provident issued a disability income policy to the plaintiff. The plaintiff claims to be totally disabled as of February 10, 1999 due to cervical injuries and made a claim for benefits in April 1999 alleging that he was totally disabled.

Defendants approved the initial claim and plaintiff received benefits under this plan for approximately fifteen months. Information received by the defendants indicated that plaintiff

might have improved his medical condition during this time to the point that he was not disabled pursuant to the terms and conditions of the Policy. Specifically, defendants obtained a videotape of plaintiff performing certain gardening chores, including the use of a pickaxe that belied his claims of total disability. Pursuant to its discretion to determine eligibility for coverage, defendants reviewed plaintiff's medical documentation, job description and other information including surveillance tapes and reports, and determined that plaintiff was no longer entitled to benefits. Additionally, questions were raised about his occupation at the time he claimed to be disabled.

Defendants denied coverage on the ground that plaintiff, even if injured, was not disabled from working. Thus, Provident paid the plaintiff total disability benefits under the policy until July 11, 2000, terminating the benefits after this date when it concluded that he was no longer totally disabled under the terms of the policy. In March 2001, the plaintiff underwent a cervical fusion. From the date of the fusion, to the date of this Motion, defendants *have been paying* plaintiff disability benefits under a reservation of rights.

The plaintiff has therefore filed suit against the defendants for breach of contract, willful failure to pay benefits, breach of the covenant of good faith and fair dealing, unfair claim settlement practices, unfair trade practices, negligent infliction of emotional distress and intentional infliction of emotional distress for the defendants' termination of benefits from July 2000 to April 2001. Defendants have filed counterclaims alleging that plaintiff misrepresented his occupation and physical condition throughout the time that he claimed to be disabled.

Defendants note that discovery ends on June 30, 2004 and that the joint trial memorandum is due in this case on July 30, 2004. Trial has been tentatively scheduled for September 2004.

## II.   ARGUMENT

On or about November 29, 2001, the plaintiff provided a purported "disclosure" of expert witnesses. In that "disclosure," the plaintiff identifies Dr. Gerard Girasole by name and business address as his expert. The plaintiff provides no description of the expected testimony of the expert and provides no expert report although a letter from Dr. Girasole was attached to the disclosure. Instead, Provident was informed that a proper expert report would be forthcoming: as of the date of this motion none has been received.

Provident's counsel, Helen Kemp, recently contacted plaintiff's current counsel, Attorney Saxe, for a copy of Dr. Girasole's expert report. She specifically asked Attorney Saxe for an:

> " ... expert report pursuant to the requirements of Rule 26(a)(2)(B). As you know, such a report must include "a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions . . . ."
> Attorney Bonsangue simply attached a letter from Dr. Girasole as his "report" - my recollection was that he was going to submit a formal report later but wanted to disclose Girasole before the time ran out. Please provide me the report as soon as possible as I will need it prior to the deposition."

In response to this inquiry, instead of a report, Attorney Kemp inexplicably receives the *same letter* she had noted in her communication to Attorney Saxe. A copy of this "report" attached hereto as **Exhibit A**. Provident notes that this "expert report" is still only a letter and still does not meet the requirements of Rule 26(a)(2)(B).

The disclosure of expert witnesses is governed by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Plaintiff's bare bones disclosure and lack of report[1] for Dr. Girasole does not meet the requirements of Rule 26(a)(2). As explained in St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 1995 U.S. Dist. LEXIS 19847, 91 Civ. 0748 (MJL), 1996 WL 19028 at *11-*12 (S.D.N.Y. Jan. 17, 1996), Rule 26(a)(2)(B) requires that:

> the disclosure shall . . . be accompanied by a written report prepared and signed by the witness. *The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions;* any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B)(emphasis added) The expert's report "is intended to set forth the substance of the direct examination." Fed. R. Civ. P. 26 advisory committee's note, *reprinted in* 146 F.R.D. at 634. An obvious purpose of the detailed disclosure is to enable the opposing party to prepare to depose the witness. Id.

---

[1] Provident admits that it has been given various medical records and reports, but none that fits Rule 26(a)(2) description of an expert report.

The Rule 26(a)(2)(B) advisory committee's note on 1993 amendment further states that:

> A report is deficient if it] fails to include any of the underlying conclusions on which the expert's ultimate opinions are based. *Bald conclusions on the ultimate issues do not alone amount to a "detailed and complete written report" of the expert's expected testimony.*

(emphasis added). Additionally, Rule 26(a)(2)(B) states that a report is also deficient if it] fail[s] to set forth "a complete statement" of the "basis and reasons" for [the] expert['s] opinions.

In sum, plaintiff's purported report meets *none* of the requirements of Rule 26(a)(2)(B). As noted above, bald conclusions do not alone amount to a "detailed and complete written report." The plaintiff has not provided an expert report but a medical report. There is no description of the expected testimony of Dr. Girasole or of his opinions or the information as to the basis of his opinion. There is also no list of other cases in which Dr. Girasole has testified. The disclosure's boiler-plate language states the obvious, Plaintiff intends to call Dr. Girasole as an expert, but does not remotely lay out his direct examination. Without knowing Dr. Girasole's expected testimony, defendants are unable to properly prepare to depose him or prepare their case to rebut their testimony.

Pursuant to the provision of Rule 26 permitting this Court to enter such orders as justice requires, and as trial is scheduled for sometime in September (and thus time is short) defendants move that the Court order the plaintiff to submit a report in conformance with the Federal Rules by July 31, 2004. Defendants cannot wait on an open-ended promise to submit the required documentation. The Defendants also move that if plaintiff fails to submit such a report by this

date that he be precluded from offering expert testimony from Dr. Girasole.[2] Lastly, the defendants move that they be allowed to depose Dr. Girasole within 30 days of the receipt of such a report as they are effectively prohibited from deposing him prior to its receipt.

DEFENDANTS,
UNUMPROVIDENT CORPORATION AND
PROVIDENT LIFE & CASUALTY INSURANCE
COMPANY

By: /s/ Helen M. Kemp
Helen M. Kemp (ct 14790)
Theodore J. Tucci (ct 05249)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: hkemp@rc.com

---

[2] Upon receipt of the expert's report and other Rule 26(a)(2) documentation, Provident expressly reserves the right to object to any or all of these disclosed experts on other grounds including but not limited to admissibility and relevance.

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 28th day of June 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

*Helen M. Kemp*
_____
Helen M. Kemp



# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELEPHONE (203) 287-8890
FACSIMILE    (203) 287-8847
www.sdvlaw.com

Christine Arroyo

caa@sdvlaw.com

| Send To | From |
| --- | --- |
| Robinson & Cole, LLP | Christine Arroyo |
| **Attention** | **Date** |
| Helen M. Kemp, Esq. | June 23, 2004 |
| **Facsimile Number** | **Telephone Number** |
| (860) 275-8299 | |

☒ Urgent    ☐ Reply Asap    ☐ Please Comment    ☐ Please Review    ☐ For Your Information

Total pages, including cover: 2

Re:    Lawrence Kaladish v. UnumProvident Corp., et al

Attached please find a copy of Gerard Girasole, M.D. disability report of the plaintiff, Lawrence Kaladish dated April 13, 2001. This report was previously sent to you by Jacobi & Case Office.

Once you look through file I am sure you find a copy of this report.

Please do not hesitate to contact me should you have any additional questions or concerns.

IF THERE ARE ANY PROBLEMS REGARDING THIS TELECOPY, OR IF YOU WISH TO SPEAK WITH THE TELECOPY OPERATOR, PLEASE CALL (203) 287-8890. THANK YOU.

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that the dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.

TOTAL P.01



# The Orthopaedic & Sports Medicine Center

888 WHITE PLAINS ROAD    TRUMBULL, CT 06611    203 268 2882    FAX: 203 452 3099
1055 POST ROAD    FAIRFIELD, CT 06430    203 254 1055    FAX: 203 319 3367
http://www.osmcenter.com   •   EMAIL: sport@osm-ct.com

STUART C. BELKIN, M.D.

MICHAEL R. REDLER, M.D.

PETER S. BOONE, M.D.

GERARD J. GIRASOLE, M.D.

DAVID J. MARTIN, M.D.

JAMES I. SPAK, M.D.

MARC J. WARMAN, M.D.

MICHELLE PAGLIARO, D.C.

STEVEN P. FRIES, P.A.-C.

ROLANDO R. LOPEZ, P.A.-C.

LEE ANN DANGELO, CHE
Practice Administrator

Orthopaedic Surgery

Sports Medicine

Hand Surgery

Spine Surgery

Total Joint Reconstruction

Foot & Ankle Surgery

Osteoporosis Testing Center

Physical Medicine & Rehabilitation

April 13, 2001

Attorney Louis Bonsangue
Jacobi, Kappel & Case, PC
300 Bic Drive
Milford, CT 06460-3055

Re: Lawrence Kaladish a/k/a Arthur L Kaladish
DOB: 2/24/45

Dear Attorney Bonsangue:

The following is a response to your letter concerning Mr. Kaladish.

1) Mr. Kaladish underwent an anterior cervical discectomy with interbody fusion on March 26, 2001 at St. Vincent's Hospital.

2) The second question regarding the need for the surgery is as a result of his original accident.

3) Yes, Mr. Kaladish in the postoperative period is maintained to be totally disabled.

If you require any further assistance please do not hesitate to ask.

Sincerely,

Gerard J. Girasole MD

SMS