UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH | : | CIVIL ACTION NO. 301 CV 184 (DJS) |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION AND<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | JUNE 30, 2004 |

### OBJECTION TO MOTION FOR PROTECTIVE ORDER

The defendants, UnumProvident Corporation and Provident Life & Casualty Company (hereinafter collectively ("Provident")) hereby object to plaintiff's Motion for Protective Order (dated: June 25, 2004). While the date for such deposition has passed, defendants reserve the right to depose plaintiff once he has recovered from his surgery.

The gravamen of plaintiff's motion is that defendants scheduled his deposition and then refused to reschedule the deposition without verification that plaintiff was undergoing tests on the date of his deposition. Defendants admit that to some degree, the above scenario is true. However, plaintiff did not relate the full story.

1. Discovery, including the taking of depositions, ends June 30, 2004. The joint trial memorandum is due July 30, 2004.

2. Beginning in early June 2004, Defendants' attorney's office worked with plaintiff's attorney's office to schedule three depositions, that of Dr. Francis Scifo (one of

plaintiff's treating physicians who had been unavailable for deposition due to a leave of absence), Daniel Ferreira (a fact witness) and Dr. Gerard Girasole (plaintiff's expert witness). These depositions, confirmed with Attorney Chastity DaSilva on June 15, 2004, were scheduled to take place June 28, June 29 and June 30, 2004. Subpoenas were issued.

3. On June 18, 2004, defendants' counsel (Attorney Kemp) heard from plaintiff's counsel concerning the scheduling of the depositions. Attorney DaSilva had left the firm and Attorney Saxe could not attend a June 28th deposition. Attorney Saxe also wanted to notice a Rule 30(b)(6) deposition on the same date as Dr. Scifo's deposition. This was the first time (on June 18th) that plaintiff had informed defendants that he wished to take a Rule 30(b)(6) deposition. Attorney Kemp informed Attorney Saxe that, regardless of other issues, her schedule would not permit attendance at another deposition by June 30, 2004 (end of the discovery period).

4. Attorney Kemp informed Attorney Saxe on June 19, 2004, that she had received a message from Dr. Girasole's office that he could not do the deposition as he would be out of state that week. She recommended in light of the fact that Attorney Saxe was unavailable on June 28th, that Daniel Ferreira be deposed in the time slot left available by Dr. Girasole. Attorney Kemp noted that she would be out of the office on Monday and Tuesday (June 21 and 22) but would be picking up her voice mail messages.

5. On Monday, June 21, 2004, knowing that Attorney Kemp was out of the office and did not have email access, Attorney Saxe sent Attorney Kemp an email disclosing for the first time that he wished to depose Eric Oram (defendants' computer consultant) and that the

depositions of Dr. Scifo, Dr. Girasole and Mr. Ferreira would have to be marked off because plaintiff was undergoing surgery and wanted to be present at the depositions.

6. Attorney Kemp first became aware of both the deposition of Eric Oram and of the request to mark off Scifo and Ferreira's deposition when she arrived early at her office on Tuesday morning (June 22) prior to going to court. She emailed her objection and concerned about Oram's deposition (scheduled for Wednesday, June 30th) to Attorney Saxe. She requested that Attorney Saxe give her a time on Wednesday, June 23rd, that he would be available to talk about the issues.

7. Attorney Saxe did not respond to Attorney Kemp's message. The next day, on Wednesday, June 23. 2004, Attorney Saxe's office emailed yet a <u>third</u> deposition notice to Attorney Kemp – this time it was a notice for the deposition of Barbara Carra's - Provident's litigation *counsel* assigned to the case. Her deposition was scheduled for June 25, 2004. Not only was Attorney Carra's deposition in violation of the attorney-client privilege but Attorney Saxe never once discussed even the possibility of Carra's deposition with Attorney Kemp.

8. There was inconsistency in plaintiff's position; defendants were told that they could not go forward with their depositions on June 25th, 29th and 30th because plaintiff wished to attend (but was unavailable because of surgery) yet plaintiff had no problem scheduling depositions for defendants' employees and consultants on these very same days! In short, plaintiff used his surgery to cancel the depositions defendants had scheduled but still go forward with the depositions he wished to conduct.

9. Additionally, throughout this time, Attorney Saxe never informed Attorney Kemp what the surgery was for or who was doing the surgery. The recent monthly reports submitted by plaintiff to Unum Provident (plaintiff is still receiving benefits which are being paid under a reservation of rights) indicate he was seeing only one surgeon, Dr. Girasole. After serving the subpoenas, defendants learned that learned that Dr. Girasole would be out of state on the day that Kaladish claimed to have surgery, giving defendants occasion to believe the claim was invalid. Additionally, plaintiff's monthly statement of claim reports never indicated that knee replacement surgery was imminent.

10. Attorney Kemp offered to continue her depositions if plaintiff would provide medical documentation of his surgery. The court should note that contrary to plaintiff's motion for protective order, the medical documentation was requested not just to mark off Kaladish's deposition but to mark off *several other* depositions as well – depositions that had been planned since early June.

11. In his Motion for a Protective Order, plaintiff decries the fact that he had to file a protective order with regard to his deposition, and that defendants were being unreasonable yet plaintiff forced Provident to file the *same order* with regard to the deposition he scheduled for Attorney Carra (and others). Plaintiff was unwilling or unable to provide this documentation until Monday, June 28, 2004 at which point defendants continued the rest of their scheduled depositions to a later date.

**WHEREFORE**, defendants submit that their request for medical documentation, based upon the circumstances of the situation, was not unreasonable, and furthermore, that the court should deny plaintiff's motion as moot.

> DEFENDANTS,
> UNUMPROVIDENT CORPORATION AND
> PROVIDENT LIFE & CASUALTY INSURANCE
> COMPANY
>
> By: /s/ Helen M. Kemp
> Helen M. Kemp (ct 14790)
> Theodore J. Tucci (ct 05249)
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No.: (860) 275-8200
> Fax No.: (860) 275-8299
> E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 30th day of June 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517

_Helen M. Kemp_
Helen M. Kemp