UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH<br>    Plaintiff,<br><br>V.<br><br>UNUMPROVIDENT CORPORATION AND<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY<br>    Defendants. | CIVIL NO. 301 CV 184 (DJS)<br><br><br><br><br><br><br><br>JULY 16, 2004 |

**MOTION TO SET FEES
FOR PHYSICIAN TESTIMONY AT DEPOSITION**

The defendant, the Provident Life & Casualty Insurance Company (hereinafter "Provident") respectfully moves this Court to set an appropriate hourly fee for the deposition of Gerard Girasole, M.D. Dr. Girasole, an orthopedist, has a private practice located at 888 White Plains Road, Trumbull, Connecticut. Although he has been declared as an expert witness, he is also a *treating* physician of Arthur Kaladish, the plaintiff.

In his November 29, 2001 initial disclosure as an expert witness, Dr. Girasole noted that he charged a fee of $750.00 per hour for deposition testimony. In scheduling his deposition, and viewing this fee as somewhat high, defendants' counsel contacted plaintiff's counsel to inquire if Dr. Girasole would lower his fee. Dr. Girasole's response to this request was to raise his fee to *$1,200 an hour* for his time at depositions and also demand that the deposition be concluded within a two hour time period. Provident also asserts that regardless of the fee, the requirement that the deposition be concluded in a two hour period, in this case, is inappropriate. Provident asserts that Dr. Girasole's demands are clearly excessive in this matter.

I.  **BRIEF DESCRIPTION OF CASE**

This case concerns a dispute over denial of payment of disability benefits under a disability insurance policy (the "Policy") issued by Provident to the plaintiff, Lawrence Kaladish. Provident issued a disability income policy to the plaintiff. The plaintiff claims to be totally disabled as of February 10, 1999 due to cervical injuries and made a claim for benefits in April 1999 alleging that he was totally disabled.

Defendants approved the initial claim and plaintiff received benefits under this plan for approximately fifteen months. Information received by the defendants indicated that plaintiff might have improved his medical condition during this time to the point that he was not disabled pursuant to the terms and conditions of the Policy. Specifically, defendants obtained a *videotape* taken on June 8, 2000 of plaintiff performing certain gardening chores, including the use of a pickaxe that belied his claims of total disability. Pursuant to its discretion to determine eligibility for coverage, defendants reviewed plaintiff's medical documentation, job description and other information including surveillance tapes and reports, and determined that plaintiff was no longer entitled to benefits. Additionally, questions were raised about his occupation at the time he claimed to be disabled.

Defendants denied coverage on the ground that plaintiff, even if injured, was not disabled from working. Thus, Provident paid the plaintiff total disability benefits under the policy until July 11, 2000, terminating the benefits after this date when it concluded that he was no longer totally disabled under the terms of the policy. In March 2001, the plaintiff underwent a cervical fusion. From the date of the fusion, to the date of this Motion, defendants have been paying plaintiff disability benefits under a reservation of rights.

Dr. Girasole (and/or his office) has been plaintiff's treating physician for this injury since the date of injury and has treated plaintiff throughout the time period noted above. At this time, Provident intends to show Dr. Girasole the videotape that was taken on June 8, 2000 which is over two hours in length.

## II.  ARGUMENT

### A. As Dr. Girasole is being deposed as a *treating* physician and not an expert witness, he is not entitled to more than an ordinary witness fee.

Although Dr. Girasole was disclosed by plaintiff as an "expert witness"[1], Provident wishes to depose him only as a fact witness and asserts therefore that Dr. Girasole is not entitled to a "reasonable fee" under Rule 26(a)(2)(C), but instead as an "ordinary fact witness" entitled only to the statutory attendance fee. See *Mangla v. University of Rochester*, 168 F.R.D. 137 (W.D.N.Y. 1996) (Feldman, M.J.).

In *Mangla*, the defendant subpoenaed the plaintiff's treating physician to be deposed about discrepancies in his diagnoses establishing conflicting onset dates for the plaintiff's claimed total disability. In ruling on the physician's motion to quash the subpoena, Judge Feldman held that the physician was entitled only to the statutory attendance fee of $40 per day, "given the nature of the underlying cause of action," *id.* at 139, and considering the witness's "failure to persuade [the] Court that he would be unduly burdened by not receiving his customary hourly fees in exchange for his testimony." *Id.* at 139 (citing *Irons v. Karceski*, 316 U.S. App. D.C. 1, 74 F.3d 1262 (D.C.Cir. 1995), *cert. denied*, 517 U.S. 1189, 134 L. Ed. 2d 780, 116 S. Ct. 1677 (1996) (holding that an attorney fact witness was not entitled to be paid his hourly billing

---

[1] In a separate motion, Provident has objected to Dr. Girasole being disclosed as an expert as it was never given a proper expert report.

3

rate and not unduly burdened by being compensated $40 per day plus mileage for an expected three day deposition).

*Mangla* also relied on *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D.Colo. 1995), which did address the fee issue. In *Baker*, two of the plaintiff's treating physicians charged their hourly rate for attendance at depositions noticed by the defendant. The court stated:

> [Treating physicians] are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b) (4) (C).

*Id.* at 349. Consequently, the court found that while the parties could agree to compensate treating physicians for their testimony at a reasonable hourly rate, treating physicians testifying as fact witnesses are "not entitled, *as a matter of law*, to a fee other than the statutory fee" of $40. *Id.* at 352; *see also Haslett v. Texas Industries, Inc.*, 1999 U.S. Dist. LEXIS 9358, 1999 WL 354227, at *2 (N.D.Tex. May 20, 1999) (in the absence of an agreement to a "reasonable rate" of compensation for attendance at deposition, treating physician is entitled to receive only the rate of compensation set out in § 1821(b)); *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 198 (N.D.Ohio 1998) (citing *Baker* and *Mangla*; holding that subpoenaed treating physicians must appear for depositions at the statutory rate of compensation, and are not entitled to resist compliance with the subpoena on the basis that they are losing income).

Accordingly, as a treating physician, Dr. Girasole is a fact witness in this case and is not entitled to any more compensation than the amount dictated by the Federal Rules of Civil Practice.

B.   Whether Dr. Girasole is being deposed as a *treating* physician or as an expert witness, his fee is unreasonable and should be reduced.

Provident notes that whether Dr. Girasole is deposed as a treating physician or as an expert witness, a review of the cases where fees have been discussed leads to the inescapable conclusion that Dr. Girasole's requested rate of $1,200 per hour is not reasonable., *see, e.g., Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645-46 (E.D.N.Y. 1997) (psychiatrist with numerous degrees, publications, board memberships and past faculty positions was required to reduce hourly fee to $250); *Slywka v. CMI-Equipment & Engineering, Inc.*, 1997 U.S. Dist. LEXIS 3302, 1997 WL 129378 at * (M.D.Pa. March 14, 1997) (finding deposition rate of $300 per hour for treating physician designated as both fact witness and expert witness "generous, and ample to satisfy Rule 26(b)(4)(C)'s 'reasonable fee' requirement"); see also *Frederick v. Columbia University*, 212 F.R.D. 176 (S.D.N.Y. 2003)(court found physician's demanded deposition fee of $975 per hour is unreasonable and hereby orders that it be reduced to $375 per hour); *McLain v. Owens-Corning Fiberglas Corp.*, 1996 U.S. Dist. LEXIS 16579, No. 89 C 6226, 1996 WL 650524, at *4 (N.D. Ill. Nov. 7, 1996)(reducing physician's requested hourly fee of $400.00 to $250.00 even though his credentials went unchallenged); *Dominguez v. Syntex Labs, Inc.*, 149 F.R.D. 166, 170 (S.D. Ind. 1993) (reducing expert deposition fee from $800 to $341.50 per hour for neurologist specializing in smell and taste disorders); *Anthony v. Abbot Labs.*, 106 F.R.D. 461, 464, 465 (D.R.I. 1985) (reducing doctor's requested fee for expert deposition testimony from $420 to $250 per hour, even though doctor was "one of only a handful of physicians" qualified to testify about rare medical condition).

In light of these illustrative cases, the rate of $1,200 per hour requested by Dr. Girasole, clearly does not constitute a reasonable fee and must be reduced.

Provident also asserts that as Dr. Girasole is a treating physician and as such, he is not entitled to compensation for time spent preparing for the deposition. Even with respect to time spent by *experts* preparing for deposition, courts are divided as to whether such time is compensable. *Compare McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995); *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995) (preparation time compensable) with *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wis. 1994) (preparation time not compensable). In this case, as Dr. Girasole, regardless of his designation, is not expected to review material outside of plaintiff's own medical file, Provident argues that such time is not compensable.

The recent case of *Gordon v. Provident Life and Accident Insurance Company*, Civil No. 3:02 CV 296 (AVC) (D. Conn. 2003) is on point to the current case at bar. In *Gordon*, plaintiff's treating physician, Dr. Rotenberg, set a fee of $900 per hour for his time at deposition – a fee which encompassed the the time spent preparing for deposition. The defendants objected to this fee as excessive and the court agreed, reducing Dr. Rotenberg's rate from $900 per hour to $300 per hour and holding that Dr. Rotenberg was not entitled to charge a fee for preparatory time. A copy of this decision is attached hereto as **Exhibit A**.

### III.  CONCLUSION

In light of the foregoing, Provident Revere requests this court to order that Dr. Girasole be compensated at an hourly rate of between $300 and $400 for his deposition (excluding preparatory time).

With regard to the self-imposed two hour limit, due to the circumstances of the case which may necessitate the review of a two hour videotape during the deposition session, Provident asks the court to order that Dr. Girasole be deposed within one continuous four (4) hour deposition session. Provident is willing to conduct the deposition on a weekend day or during the evening.

        Respectfully Submitted,

        DEFENDANTS
        UNUMPROVIDENT CORPORATION
        AND PROVIDENT LIFE & CASUALTY
        INSURANCE COMPANY


By  *Helen M. Kemp*
    Helen M. Kemp (ct 14790)
    Theodore J. Tucci (ct 05249)
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299
    E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 16th day of July, 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

*Helen M. Kemp*
Helen M. Kemp

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN GORDON                                   :   CIVIL NO. 302CV296 (AVC)
    Plaintiff,                                  :
                                                :
V.                                              :
                                                :
PROVIDENT LIFE AND ACCIDENT                     :
INSURANCE COMPANY,                              :
    Defendant.                                  :   MARCH 3, 2003

## MOTION TO SET FEES FOR TREATING PHYSICIAN TESTIMONY AT DEPOSITION

The defendant, the Provident Life And Accident Insurance Company (hereinafter "Provident") respectfully moves this Court to set an appropriate hourly fee for the deposition of Donald A. Rotenberg, M.D. Dr. Rotenberg practices general internal medicine with the Connecticut Multispecialty Group, P.C. (Hartford Hospital) and is the *treating* physician of Steven Gordon, the plaintiff. Dr. Rotenberg has **not** been disclosed as an expert witness in this matter.

It is the understanding of defendant's counsel through conversations with the office of Plaintiff's counsel that Dr. Rotenberg charges $900 an hour for his time at depositions and also

```
3:02cv00296 (AVC).  May 6, 2003.  The motion to set an
appropriate hourly fee for the deposition of Donald A. Rotenberg,
M.D. (Document no. 24) is GRANTED.  Rotenberg shall be
compensated at an hourly rate of $300 for his deposition,
excluding prepatory time.  The deposition, which shall occur on a
mutually agreeable date prior to the close of discovery, shall
take place at Dr. Rotenberg's office.  The deposition shall begin
at 8:30 p.m. and continue until completion, unless other terms
are mutually agreed upon by the parties.
    SO ORDERED.
                                  _____
                                  Alfred V. Covello, Chief U.S.D.J.
```