UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH<br><br>        Plaintiff,<br>VS.<br><br>UNUMPROVIDENT CORPORATION AND<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY<br><br>        Defendants. | :   CIVIL ACTION NO. 301 CV 184 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JULY 27, 2004 |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO PRECLUDE EXPERT TESTIMONY**

The defendants, UnumProvident Corporation and Provident Life & Casualty Company (hereinafter collectively ("Provident") submits this reply brief in response to plaintiff's "Memorandum in Opposition to Motion to Preclude Expert's Testimony".

    A.    **Contrary to his Assertions, Plaintiff Has Been Informed by Provident What Is Lacking From His Expert Report.**

The fractured facts proffered by plaintiff in support of his opposition must not go unchallenged. On Saturday, June 19, 2004, defendants' counsel, Helen M. Kemp, in attempting to find a mutually convenient date for the deposition of plaintiff's expert, Dr. Girasole, sent plaintiff's counsel, Tracey Alan Saxe, an email stating in part:

> Also, as I noted before, we never received an expert report pursuant to the requirements of Rule 26(a)(2)(B). As you know, such a report must include *"a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions . . . ."* Attorney

> Bonsangue simple attached a letter from Dr. Girasole as his "report" - my recollection was that he was going to submit a formal report later but wanted to disclose Girasole before the time ran out. Please provide me the report as soon as possible as I will need it prior to the deposition.

(emphasis added). Thus, from the first email, plaintiff was informed what the report needed to include and how it did not meet the requirements of Rule 26(a)(2)(B).

On June 23, 2004, Attorney Kemp once again requested a copy of an expert report. Provident notes that Attorney Kemp did not receive a call from plaintiff asking how or in what respect the report is deficient but rather, in response to these inquiries, instead of a report, Attorney Kemp inexplicably receives the *same letter* she had noted in her communication to Attorney Saxe (a copy of this "report" was attached to defendants' Motion to Preclude as Exhibit A.)

Plaintiff notes that he wrote defendants' counsel on June 29, 2004 to rectify what was missing from the report, " ... to remedy the report without the necessity of time consuming and expensive motion practice." However, this letter was unnecessary because Provident had outlined in its Motion to Preclude what was missing from the report. For example, in Provident's Motion to Preclude, it notes:

> There is no description of the expected testimony of Dr. Girasole or of his opinions or the information as to the basis of his opinion. There is also no list of other cases in which Dr. Girasole has testified. The disclosure's boiler-plate language states the obvious, Plaintiff intends to call Dr. Girasole as an expert, but does not remotely lay out his direct examination.

2

(D. Motion to Preclude, p. 5). Had plaintiff read the motion, he would have known exactly what Provident believed missing. Additionally, instead of filing an opposition motion, plaintiff could have asked Girasole to write an expert report in conformance with these requirements.

Contrary to plaintiff's misleading assertions that plaintiff received "no" response to a June 29, 2004 letter sent to defendant's counsel, Attorney Kemp did respond via letter dated July 1, 2004, Attorney Kemp wrote:

> With regard to Dr. Girasole's expert report, prior to filing any motion with the court, I asked you, via email, for your expert report. I specifically noted that all I had received was a letter which I believed insufficient under Rule 26. In response I receive the *same* letter I believed inadequate in the first place. I cannot tell you what to put in your expert report – all I can tell you is that a simple letter or office notes do not meet the Rule 26 criteria for an expert medical report.

A copy of this correspondence is attached as **Exhibit A.** Again, in contravention to plaintiff's assertion that defendants did not respond to their letter, in a letter dated July 16, 2004, Attorney Kemp wrote to Attorney Saxe:

> I see we continue to disagree about the service of the subpoenas and about the expert report. I do not dispute the fact that you have given me medical records but records are not the same as an expert report. The letter that you provided as the expert's report does not meet the criteria of Rule 26 for reasons that I have explained in my motion.

In this letter, attached as part of **Exhibit A**, Attorney Kemp refers Attorney Saxe to the "reasons that [I] have explained in my motion." Thus, rather than "no" responses as asserted by plaintiff, there was at least two replies by Attorney Kemp to Attorney Saxe on this issue.

Plaintiff points to various letters and the voluminous medical records and reports as "proof" that he complied with the dictates of Rule 26. However, he has not submitted one single,

3

comprehensive and detailed report. Indeed, he obviously expects defendants to "hunt and peck" among the records to determine which reports Girasole specifically relies upon for his conclusions.

Provident requests that the court look at the letter plaintiff submitted as his "expert report" and ask whether this letter sets " ... forth the substance of the direct examination" and if truly can be considered a "detailed and complete written report" of Girasole's expected testimony and if it includes the basis and reasons for the expert's opinion? *See, e.g.* Fed. R. Civ. P. 26 advisory committee's note, *reprinted in* 146 F.R.D. at 634. In sum, plaintiff has submitted medical documents; he has not submitted an expert report. Provident notes it is not responsible for writing plaintiff's expert report for him.

### B. Dr. Girasole Has Not Been Disclosed as an Expert with Regard to Plaintiff's Knee Injury or Surgery.

With regard to plaintiff's statement that the report must be amended because of plaintiff's knee surgery, Provident takes the statement to mean that plaintiff intends on submitting or disclosing Dr. Girasole as an expert with regard to Kaladish's *knee*. If this is the case, then Provident will most likely object to such disclosure. Girasole treated plaintiff for his cervical injuries and was disclosed as an expert in the area of cervical injuries: plaintiff was referred to, and had knee surgery performed by, *another physician* for his knee injury.

Accordingly, the court should not consider this argument in determining if Girasole should be excluded as an expert due to lack of a proper expert report.

4

### C. Plaintiff's Later Disclosure of Any Expert Report is Tantamount to Trial By Ambush

Lastly, Plaintiff's argument that defendant suffered no prejudice because there is "still considerable time to correct any perceived error before September's trial without causing prejudice to the Defendant" is simply unbelievable. Defendants need to obtain a report, review it and depose Dr. Girasole – all prior to trial. Plaintiff cleverly *avoids* any mention of when defendant might expect a "new" expert report and thus it could be submitted upon eve of trial giving defendants no time whatsoever to review or depose the expert. The plaintiff's intended late disclosure, on the eve of trial, of apparently both the knee surgery and an expert report is tantamount to trial by ambush.

Accordingly, as plaintiff still hasn't produced an expert report, Girasole should be excluded as an expert witness.

DEFENDANTS,
UNUMPROVIDENT CORPORATION AND
PROVIDENT LIFE & CASUALTY INSURANCE
COMPANY

By: /s/ Helen M. Kemp
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 27th day of July 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517

_____
Helen M. Kemp