# ROBINSON & COLE LLP

**HELEN M. KEMP**

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

*ALSO SENT VIA FACSIMILE*

July 16, 2004

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517

      Re:   **Arthur L. Kaladish v. UnumProvident Corporation**

Dear Attorney Saxe:

      I am in receipt of your recently faxed letter. I did realize you were on vacation last week and hope you had a good time.

      I do not object to your motion for enlargement of time provided you include in your motion a request that the time for filing a joint trial memorandum also be contemporaneously enlarged. It is currently thirty days after the close of discovery and I would ask the same be included in your motion (e.g. October 30, 2004). I do not agree to the enlargement of time if this is not included. In my opinion, having discovery conclude after the filing of a joint trial memorandum will only necessitate filing addendums and additions to various portions of the memorandum.

      I see we continue to disagree about the service of the subpoenas and about the expert report. I do not dispute the fact that you have given me medical records but records are not the same as an expert report. The letter that you provided as the expert's report does not meet the criteria of Rule 26 for reasons that I have explained in my motion. With regard to deposing Dr. Girasole, your assumption that I've asked about fees and scheduling because I am "aware that [I] will not succeed in precluding Dr. Girasole's testimony" is erroneous. Dr. Girasole, like Dr. Scifo, is one of Mr. Kaladish's physicians and whether or not he is certified as an expert does not alter the fact that he treated Mr. Kaladish. We wanted to depose Dr. Girasole in any event but if he was to be your expert, we needed his report prior to any deposition.

      Once the court has made a decision relative to the scheduling order, my office will call you about arranging depositions. As Dr. Girasole's fee (and hourly restrictions) do not appear in line with normative fees and schedules, I will ask the



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

SARASOTA

www.rc.com

# ROBINSON & COLE LLP

Tracy Alan Saxe, Esq.
July 16, 2004
Page 2

court to set a fee and time frame. Please be advised that I will be out of pocket (on vacation) in August and September.

Sincerely,

*Helen M. Kemp*

Helen M. Kemp

HMK/jd



## ROBINSON & COLE LLP

**HELEN M. KEMP**

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

July 1, 2004

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Re: **Arthur L. Kaladish v. UnumProvident Corporation**

Dear Attorney Saxe:

    I am in receipt of your recently faxed letter. By the time that you receive this letter, I will have submitted an addendum to the court stating that you do not agree to an enlargement of time.

    I disagree with your opinion that there was improper service of the subpoenas. Subpoenas were served on all the witnesses: Dr. Girasole, Dr. Scifo and Mr. Ferreira. All witnesses acknowledged receipt of the subpoenas and deposition notices. With regard to Dr. Scifo and Mr. Ferreira, we have been in touch with them about rescheduling the deposition and they outlined some days and times that they find preferable. Should you question the validity of the subpoenas or the service thereof, you may of course file a motion to quash and we will re-serve them if necessary. If you do not file a motion to quash I will assume you find them adequate.

    The depositions were "lined" up except for Dr. Girasole's which fell through, in large part, because we initially left it up to your office to schedule. You were informed that Dr. Girasole's office had cancelled the deposition in a timely manner. The depositions for the other witnesses were confirmed and only marked off after I believed we had an agreement. I note that calling offices and individuals to "mark off" a deposition is something we would not have had to do if we had not lined it up in the first place.

    As to your Saturday email concerning the Scifo and Ferreira depositions (among other issues), I replied to it stating:

> "In sum, before responding, I need to address your latest email, received on Saturday morning, with my client. I will not be in on Monday morning – hence wanting to call you in the afternoon.



*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
SARASOTA

www.rc.com

# ROBINSON & COLE LLP

Tracy Alan Saxe, Esq.
July 1, 2004
Page 2

> Please give me the name of someone I can speak with on Monday, or, I can leave a voicemail with you or call you on your cell phone. Please advise as to the preferable option. If you absolutely need to get in touch with someone at R&C Monday morning, you may contact my paralegal, Mary Jo Shertick, at 860-541-2610."

You did not respond to this email. Upon my return to the office on Monday morning, and after consultation with my client, I sent an email to your paralegal (copying you on it) about what I required in order to mark off the depositions and I left a similar voicemail for you -- which you did not return. Talking to you on Tuesday morning about canceling a physician's deposition scheduled for the *same* afternoon was not realistic -- hence my unreturned call to your office on Monday.

With regard to Mr. Kaladish's knee surgery -- I never stated that we were not aware that your client had problems with his knee but rather that we were never told that *any* surgery (knee or otherwise) was *imminent.* In your letter you reference a report that is *three years old* -- a lone medical report in June 2001 does not tell me or my clients what surgery is being performed by whom in June 2004. Additionally, in no communication with you or from your office (prior to the receipt of the protective order on June 25, 2004) was I informed that (1) the surgery was knee replacement and (2) who his surgeon might be. Indeed, I wasn't informed as to who the surgeon might be until I received your "faxed" letter last night.

Please be advised that if the Court agrees to the Scheduling Order, we intend on deposing Dr. Girasole, Dr. Scifo and Mr. Ferreira. There may also be other depositions we wish to conduct. I have asked my paralegal, Mary Jo Shertick, to work on coordinating these depositions with your office. I understand that Dr. Scifo prefers being deposed on a Saturday which is acceptable with me.

With regard to Dr. Girasole's expert report, prior to filing any motion with the court, I asked you, via email, for your expert report. I specifically noted that all I had received was a letter which I believed insufficient under Rule 26. In response I receive the *same* letter I believed inadequate in the first place. I cannot tell you what to put in your expert report -- all I can tell you is that a simple letter or office notes do not meet the Rule 26 criteria for an expert medical report.

Upon receipt of an expert report, I will ask your office to set up the deposition with Dr. Girasole. I have reviewed his fees and it appears that Dr. Girasole charges $750.00 per hour for deposition. This appears somewhat higher than the usual and



# ROBINSON & COLE LLP

Tracy Alan Saxe, Esq.
July 1, 2004
Page 3

customary fee. I would appreciate it if your office could verify this fee with him and if it is $750 per hour, ask if can be reduced.

Have a safe and happy Fourth of July weekend.

Sincerely,

*Helen M. Kemp*

Helen M. Kemp

HMK/jd



# ROBINSON & COLE LLP

**HELEN M. KEMP**

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

*ALSO VIA FACSIMILE*

June 23, 2004

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Re:  **Arthur L. Kaladish v. UnumProvident Corporation**
     **OBJECTIONS - DEPOSITIONS**

Dear Attorney Saxe:

This letter is an attempt to work out the issues involving the depositions of Dan Ferreira, Dr. Scifo, Dr. Girasole, Eric Oram, Barbara Carra and the Rule 30(b)(6) deposition.

Early in June, prior to scheduling the depositions of Mr. Ferreira and Doctors Scifo and Girasole, we contacted your office (Justine and later with Christine, Attorney DaSilva's assistant) and worked out the dates and times for the above depositions. Indeed, we confirmed the final dates and times with Attorney DaSilva of your office in writing on June 15, 2004 after being told that Attorney DaSilva was unavailable for the original date of the deposition set for Dan Ferreira.

At this time, I intend to go forward with the deposition of Dr. Scifo on June 29, 2004 and intend to go forward with Dan Ferreira on June 30, 2004 (in place of Dr. Girasole and in light of the fact you now state you are unavailable on June 28, 2004). The fact that your client is unable to attend these dates (and thus they should be changed) is unavailing. I note that after being informed by you that these dates were not good due to your client's alleged unavailability, you subsequently notice the depositions of a Rule 30(b)(6) witness and Eric Oram for the same days.

With regard to your depositions, I take exception to the fact that they were scheduled without any consultation with me about the place or time. I have several objections to the Rule 30(b)(6) deposition. The first is that the Rule 30(b)(6) witness would traditionally be the employee with the most knowledge about the subject matter. In this case, the Provident employees with the most knowledge of paragraphs 1 and 2, Lisa Bengyak and Steve Carlson, have already been deposed. Accordingly, it appears your Notice of Deposition is simply an impermissible attempt to obtain yet another deposition of these parties and thus we object. I also object to any deposition



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
SARASOTA

www.rc.com

# ROBINSON & COLE LLP

Tracy Alan Saxe, Esq.
June 23, 2004
Page 2

taking place at your office. We have objected on previous occasions (see, e.g. Motion to Quash (dated 1/24/02)) on the location of the depositions for Provident and UnumProvident personnel. Once again, after consultation with the court, it was agreed that depositions of UnumProvident personnel would be in Worcester, Massachusetts.

With regard to your third paragraph, this information is not relevant to the Kaladish matter. I note that this request is almost identical to previous discovery requests filed by Attorney Bonsangue and objected to by UnumProvident. The objection was upheld by Judge Squatrito at the conclusion of a September 18, 2001 status conference. Accordingly, I believe you are once again attempting to resurrect an issue that has already been ruled on by the court. Lastly, I note that the filings themselves are available on-line at www.sec.gov/edgar (then follow the directions to use the Edgar database).

With regard to the deposition of Eric Oram, I object based upon the previous agreement of the parties with regard to the stipulation of fact which was in lieu of a deposition and testimony at trial. For example, you request "any and all documents that you intend to rely upon trial" yet, as I noted in my recent Motion to the court, that part of the reason for the stipulation was so Oram did not have to fly out from Texas to testify at a trial. I also object based upon the fact that Oram works and lives in Texas and thus the location of the deposition at your office is inappropriate at the present time.

Lastly, we object to the frivolous deposition notice of Barbara Carra as Attorney Carra is Provident's in-house litigation counsel (assigned only after litigation had commenced). We object based upon the attorney client privilege and as well as the work product privilege. Noticing her for deposition is the equivalent of noticing Attorney Bonsangue and I am surprised that you did so. We also object because we previously notice the deposition of your client, Mr. Kaladish, for the same date and time. Obviously you have chosen to ignore the law of physics – that two bodies cannot occupy the same place at the same time - with regard to the deposition.

Please note that I am unable at this time to take the deposition of Dr. Girasole as I have yet to receive an expert report. As previously requested, please submit one as soon as possible.



# ROBINSON & COLE LLP

Tracy Alan Saxe, Esq.
June 23, 2004
Page 3

      Please advise if you are agreeable to marking off the depositions. If you are not, then I will have little choice but to file the appropriate motions with the court.

      Sincerely,

      Helen M. Kemp

HMK/jd



```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4388
CONNECTION TEL                    92032878847
SUBADDRESS
CONNECTION ID
ST. TIME              06/23 14:59
USAGE T               00'42
PGS. SENT             4
RESULT                OK
```

# ROBINSON & COLE LLP

HELEN M. KEMP

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

# Facsimile Transmission Sheet

DATE: June 23, 2004        NO. OF PAGES (including cover):  3 + Cover

RE: Kaladish v. UnumProvident Corporation

RECIPIENT(S) LIST

| NAME | COMPANY | FAX NUMBER | PHONE NUMBER |
|---|---|---|---|
| Tracy Alan Saxe, Esq. | Saxe, Doernberger & Vita | 203-287-8847 | 203-287-8890 |

MESSAGE:

**ROBINSON & COLE**LLP

HELEN M. KEMP

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
hkemp@rc.com
Direct (860) 275-8235

# Facsimile Transmission Sheet

DATE: June 23, 2004           NO. OF PAGES (including cover):   3 +Cover

RE:   Kaladish v. UnumProvident Corporation

RECIPIENT(S) LIST

| NAME | COMPANY | FAX NUMBER | PHONE NUMBER |
|---|---|---|---|
| Tracy Alan Saxe, Esq. | Saxe, Doernberger & Vita | 203-287-8847 | 203-287-8890 |

MESSAGE:



Law Offices
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
www.rc.com

Note:   If transmission is not clearly or completely received, please contact the sender through the direct line noted above, or if a direct line is not indicated, through the firm's main number 860-275-8200.

Confidentiality Note:  The documents accompanying this facsimile transmission may contain confidential or privileged information from the law firm of Robinson & Cole LLP.  This information is intended for use by the individual or entity named on this transmission sheet.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange retrieval of the faxed documents.