UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAWRENCE KALADISH a/k/a ARTHUR : 3:01CV184 (DJS)
L. KALADISH, :
    Plaintiff, :
-v- :
     :
UNUMPROVIDENT CORP. & PROVIDENT :
LIFE & CASUALTY INSURANCE CO., :
    Defendant. :

## ORDER

Now pending before the court is the Motion for Protective Order **[doc. #119]** filed by the defendant, Unumprovident Corporation and Provident Life and Casualty Insurance Company ("Provident"). Plaintiff Lawrence Kaladish seeks to depose Barbara Carra, in-house counsel for Provident, Eric Oram, the defendant's computer expert and Provident corporation's representatives pursuant to Federal Rule of Civil Procedure 30(b)(6). Provident seeks an entry of protective order with regard to these depositions. The motion is **GRANTED in part**. The court's analysis will address each prospective deponent in turn.

### A. Deposition of Barbara Carra

Provident seeks to prevent Kaladish from deposing Barbara Carra, in-house attorney for Provident. Defendant argues that any testimony Kaladish might seek from Carra is subject to either the attorney-client privilege or the work-product exception to discovery. Alternately, Provident contends that any testimony Carra might offer regarding the settlement conference she attended on June 18, 2002 would reveal only inadmissible evidence pursuant to Federal Rule of Evidence 408. Kaladish makes no effort to specify what properly discoverable material a deposition of Carra might reveal. The plaintiff merely asserts that Carra is familiar with the decision-making process of the defendants.

The court finds that, in the absence of any evidence or statement or argument that attorney Carra was involved in the actions that form the basis for this lawsuit, the motion for protective order should be granted. It is a truism that a lawyer employed by a corporation and charged with working on that company's litigation will be "familiar" with her client's decision making processes. This familiarity, without some attempt to relate it more concretely to a matter "relevant to the claim or defense of any party," F.R.C.P. 26(b)(1), is insufficient to warrant the deposition of a lawyer actively engaged in defending a party to the litigation that gives rise to the deposition. In light of the numerous attorney-client and work-product privileges implicated by a broad, open-ended deposition of attorney Carra and the lack of any attempt by the plaintiff to establish that deposing her will lead to the discovery of admissible material, the motion for protective order is granted.

### B. Rule 30(b)(6) Deposition of Provident

Provident seeks a protective order against Kaladish's attempt to depose employees of Provident with regard to three separate areas of inquiry. The defendant argues that the employees who will respond to the deposition notice have already been deposed for more than the permissible seven hours. Provident also argues that issue three designated in the notice of deposition involves matters outside the scope of discovery that have already been ruled upon by this court. Plaintiff fails to respond to either contention; instead, Kaladish makes the blanket assertion that a deposition of Provident's representatives is intended to reveal admissible evidence.

The court recognizes that a deposition of the defendant corporation's representatives will lead to the discovery of admissible evidence. This conclusion does nothing to resolve the serious concerns the court has regarding the number of times Kaladish has already sought

depositions and the volume of redundant discovery present in this action. The court finds that, absent any argument to the contrary from the plaintiff, Lisa Bengyak and Steven Carlson have already been deposed by Kaladish and any further depositions of those persons would constitute an undue burden on the defendant. The court also finds that the question of discovery relating to issue three identified in the Notice of Deposition pursuant to Rule 30(b)(6) dated June 18, 2004 has already been ruled on by this court and is beyond the scope of discovery. Plaintiff is permitted to depose employees of Provident pursuant to Rule 30(b)(6) so long as the depositions do not involve any of the materials, matters or persons protected from discovery as a result of this order. The motion for protective order is granted in part.

### C. Deposition of Eric Oram

The court notes at the outset that the order requiring the parties to enter into a stipulation regarding the findings of Eric Oram was not vacated and the parties are obligated to abide the terms of the order. The order does not, however, bar Kaladish from deposing Eric Oram to question him regarding his findings and conclusions. The court recognizes that the deposition is slightly burdensome in light of the fact that it cannot lead to admissible evidence except through the stipulation of fact. The burden is outweighed by the possibility that a deposition of Eric Oram can finally resolve the concerns of Kaladish regarding defendant's proposed stipulation. The motion for protective order is denied.

IT IS SO ORDERED at Hartford, Connecticut, this 16th day of August, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE