UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a ARTHUR L. KALADISH | : | CIVIL NO. 301CV184 (DJS) |
| Plaintiff, | : | |
| V. | : | |
| UNUMPROVIDENT CORPORATION AND PROVIDENT LIFE & CASUALTY INSURANCE COMPANY | : | |
| Defendants. | : | SEPTEMBER 17, 2004 |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The defendants in the above captioned matter, UnumProvident Corporation and the Provident Life and Casualty Insurance Company (hereinafter and collectively as "defendants" or "Provident") hereby move for a protective order with respect to **all** Notices of Deposition served by the plaintiff, Arthur L. Kaladish, or by defendants including but not limited to:

| | |
|---|---|
| Rule 30(b) (6) witness | September 21, 2004 |
| Daniel Ferreira | September 23, 2004 |
| Dr. Gerard Girasol | September 27, 2004. |

The conduct of plaintiff's counsel at the two depositions held on September 11, 2004 frustrated and impeded the deposition process and has prevented Provident from being able to complete all necessary discovery within the time frame set by the Court. Defendants have moved for sanctions pursuant to Rule 30 and Rule 37 relative to plaintiff's counsel's conduct at the September 11, 2004 depositions. Defendants have no reason to believe that plaintiff's counsel would act differently at the above depositions

and accordingly move that <u>all</u> depositions be held in abeyance until such time the court rules on their Rule 30 and Rule 37 motions relative to the September 11, 2004 depositions.

## I. ARGUMENT

### A. **Legal Basis**

It is well established that pursuant to Federal Rule of Civil Procedure 26(c) (4), the Court has the discretionary power to limit and control the boundaries of discovery. *Sunbelt Savings FSB Dallas, Texas v. Amercorp Realty Corp.*, 730 F. Supp. 741 747 (N.D. TX. 1990); *Blum v. Shlegel*, 150 F.R.D. 38, 41 (W.D. N.Y. 1993).

The Court may quash a deposition notice or otherwise set limitations on a deposition upon a finding that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) (2) (iii). Furthermore, Federal Rule of Civil Procedure 26(c) specifically provides for the following:

> "Upon motion by a party…and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)  that the disclosure or discovery not be had;
> (2)   that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place…"

Fed. R. Civ. P. 26(c). Moreover, Federal Rule of Civil Procedure 30(b) (1) requires a party seeking to depose any person upon oral examination to give "reasonable notice" in writing to every other party to the matter.

### B.     Facts Relative to Defendant's Motion for a Protective Order

Defendants have tried to depose various witnesses since early June 2004. On June 15, 2004, defendants' counsel's office confirmed with plaintiff's attorney's office the following depositions to be held in Robinson & Cole's Stamford, Connecticut office:

June 28, 2004 – Daniel Ferreira to begin at 2:00 p.m.

June 29, 2004 – Frank R. Scifo, M.D. to begin at 1:00 p.m.

June 30, 2004 – Gerard J. Girasole, M.D. to begin at 1:00 p.m.

*See* Shertick letter, attached hereto as **Exhibit A**. Dr. Scifo was, and is, plaintiff's treating physician; Dr. Girasole is plaintiff's expert witness and Daniel Ferreira was a former employee of plaintiff's and a fact witness in this case. A limited deposition was scheduled for Kaladish himself on June 25, 2004.

Although defendants' counsel's office had believed that these depositions were confirmed, this was not true. Almost immediately plaintiff's counsel tried to change or otherwise prevent these depositions from going forward. One reason given was that the depositions could not go forward because plaintiff was having knee surgery. Plaintiff's counsel, Tracy Alan Saxe, informed defendants' counsel that all of the planned depositions had to be rescheduled because plaintiff was having knee replacement surgery on June 29, 2004. Using plaintiff's knee surgery as both a sword and a shield, plaintiff's attorney refused to re-schedule *any* of defendants' depositions on the basis that plaintiff wished to be present at the depositions and he would not be available for 5-6 weeks due to his recovery from knee replacement surgery However, at the same time Saxe noticed depositions that he wanted to take for the same days that defendants had scheduled the their depositions: plaintiff's knee surgery apparently having no effect on taking depositions that he considered essential to his case.

Defendants filed protective orders on these depositions for unrelated reasons: orders that were granted in part, and denied in part, by the court. Plaintiff, again attempting to thwart defendants' attempt to conduct depositions, also filed objections based upon the subpoenas served by defendants on these witnesses, claiming that service was not valid on Dr. Scifo because his receptionist had accepted service and it was not valid on Ferreira because his wife had accepted the service.

The "5 to 6 weeks" passed and on August 12, 2004, defendants contacted Saxe's office about rescheduling the depositions of Ferreira, Girasole, Kaladish and Scifo. Saxe's office was informed that defendants counsel, Helen M. Kemp wanted to take Dr. Girasole's deposition sometime during the week of September 27 (due to some unresolved issues about an expert report), was unavailable for any deposition during the week of September 20 (as she was on vacation) but was generally available between August 23 through September 17. Kemp's office later informed Saxe's office that Dr. Scifo wished to be deposed on a Saturday to avoid office and patient disruption.

On August 23, 2004, Saxe's office responded by giving defendants' the dates of September 8, 2004, September 9, 2004, September 14, 2004 and September 15, 2004. Saxe's office was working to coordinate Girasole's deposition. Kaladish's deposition was subsequently scheduled for September 9 at 2:00 p.m. and Dr. Scifo was scheduled for September 11, 2004 at 10:00 a.m. Dr. Girasole was scheduled for deposition on September 27, 2004 at 1:00 p.m. and Dan Ferreira on September 23, 2004 (an attorney other than Kemp was taking the deposition).

On September 7, 2004, Saxe's office called wanting to change the date and time of Kaladish's deposition. Unfortunately, due to Attorney Kemp's schedule, there were

no alternate dates available. Kemp suggested that Kaladish's deposition be held after Dr. Scifo's deposition on September 11, 2004. After much discussion, Saxe's office agreed to the date, time and location and Kemp renoticed the deposition. A day after Kemp sent out the renotice, plaintiff issued a protective order on the Schedule A attached to the deposition notice.

The long awaited deposition of plaintiff's treating physician, Dr. Frank Scifo, was scheduled to go forward on Saturday, September 11, 2004. Dr. Scifo arrived at the deposition and was cooperative, pleasant to defendants' counsel and the court reporter, and anxious to proceed with the deposition so he could enjoy the rest of the Saturday. Dr. Scifo had given up attendance at a wedding so he could be deposed that day.

Upon his arrival, plaintiff's attorney, Tracy Alan Saxe insisted on speaking alone with Dr. Scifo prior to the start of the deposition. As a result of this conversation, Dr. Scifo refused to be deposed without his personal attorney present as he believed he would be placing himself in some type of legal jeopardy if he answered questions without counsel. Accordingly, Dr. Scifo's deposition was adjourned.

Intimidating one witness was apparently not enough for Saxe. During the second deposition scheduled for that day, a deposition of the plaintiff himself, Saxe continually demeaned defendants' counsel, Helen M. Kemp, made repeated objections, created arguments with her, made attacks on her ethics and generally exhibited the type of misbehavior that should not be tolerated in any court proceedings. Due to Saxe's egregious conduct, intended to slow access to information and humiliate opposing counsel, Kemp had to suspend the deposition pending court intervention.

In short, the depositions scheduled by Kemp for September 11, 2004 were marred by Saxe's Rambo-like conduct including bullying, intimidation, coaching the witness through "speaking" objections, repeated attempts to delay and obstruct the deposition through unfounded objections and general disregard for the rules of evidence and ethics. Due to counsel's conduct, defendants were unable to conduct not one but two depositions.

In conjunction with this motion for protective order, defendants also filed appropriate motions with the court seeking relief which includes but is not limited to:

- An order directing that these two depositions be retaken at plaintiff's expense;
- An order directing Saxe to limit objections, coaching and instructions not to answer on remaining depositions in accordance with the Rules of Federal Procedure.

Defendants see no reason why plaintiff's conduct would differ at subsequent depositions. A personal attack on defendants' counsel could turn into an attack on plaintiff's Rule 30(b) (6) witness; intimidating a medical witness from testifying could also be done to a former employee. Plaintiff and his counsel have done whatever they could to thwart and otherwise prevent defendants from taking the depositions of these witnesses. Defendants and their counsel cannot conduct or defend depositions if they are subjected to inappropriate and abusive conduct by plaintiff's counsel.

Accordingly, defendants seek a protective order on all remaining depositions until such time the court has a chance to rule on defendants' motion concerning plaintiff's counsel's conduct during the depositions of September 11, 2004.

## II. CONCLUSION

WHEREFORE, the defendant respectfully requests that the Court enter a protective order regarding the parties' Notices of Deposition

>Respectfully Submitted,
>
>DEFENDANTS
>UNUMPROVIDENT
>CORPORATION AND
>PROVIDENT LIFE & CASUALTY
>INSURANCE COMPANY
>
>By _/s/ Helen M. Kemp_
>Helen M. Kemp (ct 14790)
>Theodore J. Tucci (ct 05249)
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>Tel. No.: (860) 275-8200
>Fax No.: (860) 275-8299
>E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 17th day of September, 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517

>_/s/ Helen M. Kemp_
>Helen M. Kemp

Exhibit A

# ROBINSON & COLE LLP

MARY JO SHERTICK
Paralegal

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
mshertick@rc.com
Direct (860) 541-2610

June 15, 2004

**VIA FACSIMILE**

Chastity A. DaSilva, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

Re: **Kaladish v. UNUM Provident, et al.**
    **C.A. No. 3:01cv184 (DJS)**

Dear Ms. DaSilva:

Pursuant to my telephone conversation this afternoon with your assistant, Christine, this will confirm the scheduling of the following depositions to be held in our Stamford office:

   June 28, 2004 – Daniel Ferreira to begin at 2:00 p.m.

   June 29, 2004 – Frank R. Scifo, M.D. to begin at 1:00 p.m.

   June 30, 2004 – Gerard J. Girasole, M.D. to begin at 1:00 p.m.

Again, thank you for your cooperation in this matter. If you have any questions, please contact me at the above-telephone number.

Sincerely,

Mary Jo Shertick
Paralegal

cc: Helen M. Kemp, Esq.

*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
SARASOTA
www.rc.com

HART1-1185823-1