## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a | : | CIVIL ACTION NO. 301 CV 184 (DJS) |
| ARTHUR L. KALADISH | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION AND | : | |
| PROVIDENT LIFE & CASUALTY | : | |
| INSURANCE COMPANY | : | |
| Defendants. | : | OCTOBER 11, 2004 |

### *DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY*

The defendants, UnumProvident Corporation and Provident Life and Casualty Insurance Company ("Provident"), hereby submit this memorandum in support of their Motion to Preclude Expert Testimony due to the plaintiff's recent disclosure of expert witness Patrick R. Duffy, M.D. on the grounds of late disclosure and insufficient time to permit Provident to depose this witness or to retain an expert to rebut his testimony.

Dr. Duffy was disclosed at 4:20 p.m. on September 30, 2004 (the deadline for discovery). Dr. Duffy was disclosed less than two hours after a conference call was held with Judge Squatrito during which plaintiff did not tell the court, or opposing counsel, about his new, previously undisclosed, expert. As Dr. Duffy's disclosure is a date "…later than 3 months before the deadline for completing all discovery" such testimony and disclosure should be precluded.

## I.    INTRODUCTION

This case concerns a dispute over denial of payment of disability benefits under a disability insurance policy (the "Policy") issued by Provident to the plaintiff, Lawrence Kaladish. Provident issued a disability income policy to the plaintiff. The plaintiff claims to be totally disabled as of February 10, 1999 due to cervical injuries and made a claim for benefits in April 1999 alleging that he was totally disabled. Provident paid benefits to the plaintiff for approximately fifteen months and then made a determination that the plaintiff was not in fact disabled and terminated benefits.

The parties' original planning report prepared pursuant to Rule 26(f) of the Federal Rules of Civil Procedure required the plaintiff to disclose expert witnesses by August 30, 2001. The initial scheduling order was revised several times but pursuant to the order dated August 4, 2004, discovery was to be completed by September 30, 2004.

With regard to expert medical witnesses, on or about November 29, 2001, the plaintiff provided a purported disclosure of expert witnesses. In that disclosure, the plaintiff identified Dr. Gerard Girasole by name and business address as his expert but provided no description of his expected testimony and provided no expert report although a letter from Dr. Girasole was attached to the disclosure. Instead, Provident was informed that a proper expert report would be forthcoming.

By Motion dated June 28, 2004, Provident filed a Motion to Preclude Expert Testimony [Docket # 123] on the basis that it, although requesting one several times, had never received a proper expert report. By "electronic order" dated September 1, 2004, the court while denying the defendants' motion to preclude, ordered that "[a] complete expert report from Dr. Girasole shall be

made available to the defendant no later than five (5) days before the date of Dr. Girasole's deposition."

At 2:00 p.m. on September 30, 2004, a telephone conference call with Judge Squatrito and his law clerk Robert Huelin was held to discuss several motions and issues, included the scheduling of several depositions that were the subject of a protective order. Present during this conference were Attorneys Helen M. Kemp and Lisa Titus, representing the defendants, and Attorneys Tracy Saxe and Joseph Gersten for plaintiff.

One of the topics discussed by the parties was the extension of discovery in order to complete *outstanding* depositions. Due to the attorneys' schedules, the parties believed that they were unable to set up and conduct these outstanding depositions within a thirty day timeframe. As a result of this discussion, the Court modified the discovery order to allow discovery to be complete by November 30, 2000. This modification was made by the Court for the express purpose of allowing the parties to complete five agreed upon depositions (defendants: Girasole, Ferreira, Scifo and Kaladish; plaintiff: Rule 30(b)(6) witness) that had been the subject of motions for protective orders or disagreement as to the conduct of counsel.

By facsimile sent by plaintiff at 4:20 p.m. on September 30, 2004, less than two hours after the court conference and on the **very** day that discovery was originally to conclude, the plaintiff provided the disclosure of Patrick R. Duffy, M.D. (Copy attached as Exhibit A.) Dr. Duffy was previously undisclosed as an expert witness. Defendants note that at no time during the conference call (including during the discussion regarding the remaining witnesses to be deposed), did

plaintiff's attorneys tell the court or opposing counsel that they had retained another expert and would be disclosing him in less than two hours time.

## II.    ARGUMENT

Fed. R. Civ. P. 26(a)(2) requires disclosure of expert testimony at the "times and in the sequence directed by the court." Pursuant to "Form 26(f): Report of Parties' Planning Meeting", the Federal Court for the District of Connecticut has established the time and sequence for plaintiff to designate all trial experts and provide opposing counsel with a report to be "a date not later than 3 months before the deadline for completing all discovery." (Local Rules, p. 93). Furthermore, the depositions of any such experts will be completed by "a date not later than 2 months before the deadline for completing all discovery. (Id.)

Plaintiff's disclosure does not meet these deadlines. Although plaintiff may argue that pursuant to the Court's modified Scheduling Order, the parties have until November 30 to complete discovery, it must be noted that this extension was made to allow the parties to schedule and complete five previously agreed upon depositions; a Rule 30(b)(6) deposition of the defendant and the depositions of fact witness Dan Ferreira, plaintiff's treating physician Dr. Scifo, plaintiff's then – disclosed expert witness, Dr. Girasole and the plaintiff.

On September 30, 2004, at the end of the day, the defendant received a faxed copy of plaintiff's disclosure of expert witness Dr. Patrick R. Duffy. No mention of this disclosure was made during the telephone conference that afternoon with the Court. No explanation for the late disclosure was given by the plaintiff, in fact, the disclosure mentions that the plaintiff was not even seen by Dr. Duffy for an Independent Medical Evaluation until September 22, 2004. As noted *supra*, plaintiff

previously disclosed Gerald Girasole as an expert witness for the plaintiff, but had not provided the

defendant with a sufficient expert report from Dr. Girasole. In a complete turn-around from his long

standing, prior position, Plaintiff has now indicated that he will no longer be calling Dr. Girasole as

an expert at trial and has instead attempted this last minute substitution of experts.

Plaintiff's expert disclosure does not meet the time frame given by Connecticut's local rules.

Even more so, plaintiff, who had no way of knowing that the Court would extend the discovery

deadlines, *intended* for this disclosure to surprise and ambush the defendants. While plaintiff may

argue that as discovery has been extended to November 30, 2004, sufficient time is available to

depose the expert, defendants disagree for several reasons. First, there are already five depositions

to be rescheduled and conducted – the addition of a new, previously undisclosed "expert" is a burden

on an already tight timeframe. Additionally, it will have insufficient time to retain its own expert to

examine Dr. Duffy's findings. Lastly, as the report was provided less than 3 months to the close of

discovery, the disclosure is still late.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties engaged in litigation to

"disclose to other parties the identity of any person who may be used at trial to present evidence

under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). "The

purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-

examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from

other experts." Hyun v. South Kent School, No. 3:95CV2235 (AHN), 1997 U.S. Dist. LEXIS

14622, at *3 (D. Conn. Sept. 17, 1997) (citing 6 James W. Moore et al., Moore's Federal Practice,

§ 26.23[2] (3d ed. 1997)).

Rule 37(c)(1) requires preclusion of the new opinions and bases for the opinions unless defendants' failure to disclose them is "harmless." See Fund Commission Service, 1996 U.S. Dist. LEXIS 11937, 1996 WL 469660, at *3. Thus, Rule 37 allows the court to impose sanctions, including precluding the evidence at trial, if a party fails to disclose information required by Rule 26(a)(2) unless such failure is harmless. See Fed. R. Civ. P. 37(c)(1). Defendants maintain that such failure is not harmless and accordingly seeks the sanction of preclusion as authorized by Rule 37.

In Softel Inc. v. Dragon Medical & Scientific Comm., Inc., 118 F.3d 955, 962 (2d Cir. 1997), the Second Circuit outlined four factors to be considered when granting a motion to preclude expert testimony that was not properly disclosed. Those factors are (1) the explanation for failure to comply with a discovery order, (2) the importance of the new evidence, (3) the prejudice suffered by the opposing party as a result of having to meet the new evidence, and (4) the possibility of a continuance. Id. at 962 (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988).

Provident asserts that not one of those factors weighs in favor of permitting the new expert opinions or testimony in this case. Moreover, the first and third factors weigh heavily for preclusion: plaintiff did not offer an explanation for his "eleventh hour" disclosure and Provident suffers prejudice as a result of having to meet the new evidence. See Transclean Corp. v. Bridgewood Services, Inc., 77 F. Supp. 2d 1045, 1061-62 & 1064 (D. Minn. 1999) (striking a party's eleventh-hour expert report, characterizing it as "trial by ambush"). Provident notes that due to this late disclosure, it will not be given an opportunity to depose this witness or to engage a contrary expert. Thus the lateness and inadequate disclosure has prevented Provident from retaining and consulting its own expert relating to Dr. Duffy's findings.

- 6 -

As a result, there is undue prejudice to Provident of its defense of this action. This undue prejudice, when coupled with the fact that there is no valid reason for the extreme tardiness of the required disclosure and response to discovery, bolsters Provident's position that the expert testimony of Dr. Duffy be excluded from consideration in this matter.

Second, preclusion as an expert will not result in a fatal blow to plaintiff's case. Although medical testimony is an essential element of plaintiff's disability claim, precluding Dr. Duffy from testifying as Rule 26(a)(2) experts would not preclude either Dr. Girasole or Dr. Scifo (plaintiff's treating physicians) from testifying as "fact" witnesses with respect to opinions formed while treating the plaintiff. [1] See, e.g. Mangla v. Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) (treating physicians . . . testifying to their personal consultation with a patient are not considered expert witnesses"); Baker v. Taco Bell, 163 F.R.D. 348, 349 (D. Colo. 1995) (treating physicians may have "opinion[s] as to the cause of injury . . . or degree of injury in the future," but "such opinions do not make the treating physicians experts.").

III.    CONCLUSION

Provident hereby objects to plaintiff introducing as evidence any testimony or evidence from Patrick R. Duffy, M.D. The plaintiff's intentional late disclosure is tantamount to trial by ambush. Provident notes that when discovery was being discussed at the telephone conference on September 30, 2004, plaintiff's attorney remained silent about its new expert. Had plaintiff's attorneys noted that it had retained and was to disclose a new expert to the court on that day, an appropriate time frame for deposition could have been discussed. The court must ask itself why plaintiffs did not

---

[1]    Indeed, Dr. Girasole was plaintiff's previously disclosed expert witness.

divulge its "new" expert-Provident maintains plaintiff did not do so because he knew the court would not countenance such behavior. Provident hereby moves to preclude the plaintiff from offering Dr. Duffy as an expert.

*Assuming arguendo* that plaintiff can provide any rational explanation as to why Dr. Duffy was not disclosed earlier in the proceedings or not divulged at the status conference held with the court on September 30, 2004 – less than two hours before a facsimile was sent to defendants' counsel, Provident would seek in the alternative:

1.    Sufficient time to depose Dr. Duffy and seek an order that plaintiff is responsible for payment of such depositions;

2.    That prior to deposition, Provident is given medical authorizations[2] and limited discovery time to obtain all records and reports upon which Dr. Duffy is expected to testify; and

3.    Provident is given sufficient time and allowed to conduct its own IME and engage its own expert to examine the plaintiff.

---

[2]    Provident's counsel, Attorney Kemp, has sought updated medical authorizations from plaintiff's counsel since June 29, 2004. While she has medical authorizations from plaintiff, they were obtained prior to the enactment of HIPAA. Kemp sent Attorney Saxe HIPAA complaint medical authorizations and requested, as part of his continuing duty to supplement his discovery responses, that he have his client execute the new releases and return them to her as soon as possible. Kemp contacted Saxe about this request again on July 23, 2004 and in September 2004. To date, Saxe has not complied with this request nor given any explanation as to why he will not comply.

DEFENDANTS,
UNUMPROVIDENT CORPORATION AND
PROVIDENT LIFE & CASUALTY INSURANCE
COMPANY

By: *Helen M. Kemp*
      Helen M. Kemp (ct 14790)
      Theodore J. Tucci (ct 05249)
      Lisa K. Titus (ct 22077)
      Robinson & Cole LLP
      280 Trumbull Street
      Hartford, CT 06103-3597
      Tel. No.: (860) 275-8200
      Fax No.: (860) 275-8299
      E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 11th day of

October, 2004 to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

*Helen M. Kemp*
Helen M. Kemp