# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE KALADISH a/k/a | : | CIVIL ACTION  NO. |
| ARTHUR L. KALADISH | : | 301 CV 184 (DJS) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION and | : | |
| PROVIDENT LIFE & CASUALTY | : | |
| INSURANCE COMPANY | : | |
| Defendants | : | November 3, 2004 |

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY

Plaintiff, Lawrence Kaladish, a/k/a Arthur L. Kaladish hereby objects to Defendant's Motion to Preclude Expert Testimony dated October 11, 2004.  In support thereof, the Plaintiff represents the following.

1.      On September 30, 2004, Plaintiff submitted to Defendants, in compliance with F. R. Civ. P. 26(a)(2)(b), the prepared and signed written report by expert witness, Dr. Patrick Duffy, two months prior to the Discovery Deadline of November 30, 2004, and over five months prior to a potential trial date of February 2005.

2.      The Motion to Preclude Dr. Duffy should be denied because when filed the Discovery Deadline was two (2) months away, and the tentative

trial date of February was over five (5) months away; therefore, no prejudice exists toward the Defendants for this witness.

3.       There is still sufficient time for the Defendants to depose Dr. Duffy without prejudice to the Defendant, and the Plaintiff is committed to accomplishing that goal at any reasonable time that is convenient for the Plaintiff before trial.

4.       In the alternative, the Motion to Preclude Dr. Duffy should be denied because Plaintiff finds itself in the unenviable position of trying to disclose an expert for trial after Plaintiff's previous expert has declined to serve as an expert because of the Defendants' constant harassment and oppression.

WHEREFORE, Defendant's Motion to Preclude Expert Testimony dated October 11, 2004 should be denied in favor of the Plaintiff.

I.    **Factual Introduction**

This case involves a personal own occupation disability income policy purchased by Plaintiff from Defendants in September 1989. In February 1999, Plaintiff was involved in a motor vehicle accident which caused Plaintiff to become disabled as a result of cervical injuries. Subsequently, Defendants began to pay Plaintiff disability income pursuant to Defendants' disability insurance policy. At the time Plaintiff became disabled, his occupation was that of a service technician in the printing industry. Thereafter, Defendants terminated Plaintiff's disability benefits starting July 11, 2000, alleging that Plaintiff was not precluded from performing the duties of his occupation.

In March 2001, the Plaintiff underwent a cervical fusion as a result of the injuries he sustained in February 1999. Thereafter, Defendant reinstated Plaintiff's disability from March 2001 to date. However, Plaintiff has not been paid any disability benefits for the period of July 2000 through March 2001. In addition, Plaintiff recently underwent knee replacement surgery on July 2, 2004 related to the motor vehicle accident. Defendant's claim that no disability benefits are currently owed. Plaintiff had previously disclosed Dr. Girasole as an expert in this matter. Subsequently, after Defendants repeatedly harassed and oppressed Dr. Girasole with deposition notices and motions to set fees,[1] Dr. Girasole now refuses to serve as Plaintiff's expert. As a result, Plaintiff had to seek the services of expert Dr. Patrick Duffy. Plaintiff has submitted to Defendants in compliance with F. R. Civ. P. 26(a)(2)(b), the prepared and signed written report by expert witness, Dr. Patrick Duffy prior to the Discovery Deadline of November 30, 2004. The Discovery Deadline is now two (2) months away, and the tentative trial date of February is over five (5) months away.

II.    **Argument**

1. <u>**PLAINTIFF HAS SUBMITTED TO DEFENDANTS, IN COMPLIANCE WITH F. R. CIV. P. 26(A)(2)(B), THE PREPARED AND SIGNED WRITTEN REPORT BY EXPERT WITNESS, DR. PATRICK DUFFY TWO MONTHS PRIOR TO THE DISCOVERY DEADLINE OF NOVEMBER 30, 2004, AND OVER FIVE MONTHS PRIOR TO A POTENTIAL TRIAL DATE OF FEBRUARY 2005.**</u>

Plaintiff has submitted to Defendants in compliance with F. R. Civ. P. 26(a)(2)(b), the prepared and signed written report by expert witness, Dr. Patrick Duffy prior to the Discovery Deadline of November 30, 2004. This is two months prior to the Discovery Deadline of November 30, 2004, and over five months prior to a potential trial date of

---

[1] The Court file clearly demonstrates the Defendants' attempts to have Dr. Girasole's deposition fees set at $40.00 per hour. One would be hard pressed to not see that this is an attempt by the Defendants to harass and oppress the Plaintiff's expert, a prominent orthopedist, who obviously makes more than $40.00 per hour.

February 2005.  Federal R. Civ. P. 26(a)(2)(B) controls disclosure of expert witnesses.  In

relevant part, F. R. Civ. P. 26(a)(2)(B) requires that:

> [D]isclosure shall, with respect to a witness who is retained or specially employed
> to provide expert testimony in the case . . . be accompanied by a written report
> prepared and signed by the witness.  The report shall contain a complete
> statement of all opinions to be expressed and the basis and reasons therefore;
> the data or other information considered by the witness in forming the opinions;
> any exhibits to be used as a summary of or support for the opinions; the
> qualifications of the witness, including a list of all publications authored by the
> witness within the preceding ten years; the compensation to be paid for the study
> and testimony; and a listing of any other cases in which the witness has testified
> as an expert at trial or by deposition within the preceding four years.

F. R. Civ. P. 26(a)(2)(B).  The report was prepared and signed by Dr. Duffy, and contains a

complete statement of all opinions to be expressed, and the basis of those opinions.  The

numerous medical reports previously provided to Defense counsel provide all of the

required data and other information considered by the witness in forming his opinion.  Said

report was provided to the Defendants on September 30, 2004, two (2) months before the

new discovery deadline, and at least five (5) months before this matter is to be trial ready.

When determining whether to modify, or permit a deviation from a scheduling order, the

Court should consider, among other things, whether any prejudice will result, and whether

the interests of justice make such a course desirable.  Dippel v. Farrell Lines Inc., 2004 WL

369140, *2 (S.D.N.Y. Feb. 27, 2004); see also Ismail v. Cohen, 706 F.Supp. 243, 255

(S.D.N.Y.1989); Madison Consultants v. Federal Deposit Ins. Corp., 710 F.2d 57, 62 n. 3

(2d Cir.1983).  "The Court in making such a determination must balance the need for doing

justice on the merits between the parties (in spite of the oversights of their attorneys)

against the need for maintaining orderly and efficient procedural arrangements." Id.

Should the Court determine that this is simply a timing issue regarding an F. R. Civ. P. 26(a)(2)(B) disclosure, the court in <u>Dippel v. Farrell Lines Inc.</u>, held that the report or testimony <u>would not be excluded</u> simply for allowing the deadline on expert discovery to pass because defendant suffered no prejudice by the late disclosure. <u>Dippel v. Farrell Lines Inc.</u>, 2004 WL 369140, *2 (S.D.N.Y. Feb. 27, 2004). The court justified their holding by stating:

> When determining whether to modify, or permit a deviation from a scheduling order, the Court should consider, among other things, whether any prejudice will result, <u>Ismail v. Cohen</u>, 706 F.Supp. 243, 255 (S.D.N.Y.1989), and whether "the interests of justice make such a course desirable." <u>Madison Consultants v. Federal Deposit Ins. Corp.</u>, 710 F.2d 57, 62 n. 3 (2d Cir.1983). "The Court in making such a determination must balance the need for doing justice on the merits between the parties (in spite of the oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." <u>Ismail</u>, 706 F.Supp. at 255 (internal quotations omitted).

<u>Dippel v. Farrell Lines Inc.</u>, 2004 WL 369140, *1 (S.D.N.Y. Feb. 27, 2004).

In fact, contrary to the position taken by the Defendants in their Motion, Defendants' counsel Helen Kemp was already making plans to depose Dr. Duffy the day after his disclosure as evidenced by the attached email from her. <u>See</u> Email from Helen Kemp, attached hereto as Exhibit A. Moreover, there is no prejudice to the Defendants' pursuant to F. R. Civ. P. 37 (c) (1), as claimed in their brief. The Plaintiff has not disclosed any new opinions and/or bases for these opinions with the disclosure of Dr. Duffy. Also, there is still sufficient time for the Defendants to depose Dr. Duffy without prejudice to the Defendants. As well, the Plaintiff has expressed its desire to assist the Defendants in procuring Dr. Duffy's deposition in a reasonable manner.

As a result, because there has been a proper F. R. Civ. P. 26(a)(2)(b) disclosure, the Defendants' have suffered no prejudice, Defendant's Motion to Preclude Expert Testimony dated October 11, 2004 should be denied in favor of the Plaintiff.

1. **DEFENDANTS' MOTION TO PRECLUDE SHOULD BE DENIED BECAUSE DEFENDANTS' HARASSMENT AND OPPRESSION OF PLAINTIFF'S ORIGINAL EXPERT HAS CAUSED SAID EXPERT TO WITHDRAW.**

The Motion to Preclude Dr. Duffy should be denied because Plaintiff finds itself in the unenviable position of trying to disclose an expert for trial after Plaintiff's previous expert has declined to serve as an expert because of the Defendants' constant harassment and oppression. Again, there is still sufficient time for the Defendants to depose Dr. Duffy without prejudice to the Defendant.

When determining whether to modify, or permit a deviation from a scheduling order, the Court should consider, among other things, whether any prejudice will result, and whether the interests of justice make such a course desirable. Dippel v. Farrell Lines Inc., 2004 WL 369140, *2 (S.D.N.Y. Feb. 27, 2004); see also Ismail v. Cohen, 706 F.Supp. 243, 255 (S.D.N.Y.1989); Madison Consultants v. Federal Deposit Ins. Corp., 710 F.2d 57, 62 n. 3 (2d Cir.1983). "The Court in making such a determination must balance the need for doing justice on the merits between the parties (in spite of the oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." Id. In this case the Defendants' have repeatedly harassed and oppressed the Plaintiff's expert Dr. Girasole. They have accomplished this through numerous deposition notices, phone calls, and attempting to limit the Dr.'s deposition fee to only $40.00 an hour. As a result of the Defendants' conduct, Dr. Girasole now refuses to serve as Plaintiff's expert. Therefore, because the Plaintiff has been forced to find a new expert at such a late date as a result of

the Defendants' conduct, fairness, comity, and justice dictate that the disclosure should be allowed.

Notwithstanding, there is fortunately still considerable time to correct any perceived error before November's Deadline, and February's trial without causing any prejudice to the Defendant. For that reason, even if the court determines that the disclosure previously submitted is untimely, Defendants' Motion to Preclude Expert Testimony should be denied.

## III.    CONCLUSION

For all of the foregoing reasons, the Plaintiff Lawrence Kaladish respectfully requests that Defendants' Motion to Preclude Expert Testimony dated October 11, 2004 should be denied in favor of the Plaintiff.

THE PLAINTIFF,

LAWRENCE KALADISH a/k/a
ARTHUR L. KALADISH

By: _____

Joseph Z. Gersten
Fed. Bar No. ct19662
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax (203) 287-8847

7

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

----------------------------------------------------------------X
LAWRENCE KALADISH a/k/a                          :       CIVIL ACTION  NO.
ARTHUR L. KALADISH                               :       301 CV 184 (DJS)
                                                 :
            Plaintiff                            :
                                                 :
                                                 :
v.                                               :
                                                 :
UNUMPROVIDENT CORPORATION and                    :
PROVIDENT LIFE & CASUALTY                         :
INSURANCE COMPANY                                :       November 3, 2004
                                                 :
----------------------------------------------------------------X


## <u>CERTIFICATION</u>

This is to certify that the foregoing Motion was emailed and mailed, postage prepaid, on this the 3rd day of November, 2004 to the following:

Helen M. Kemp, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT  06103
hkemp@RC.com

Joseph Z. Gersten



| | |
|---|---|
| **From:** | "Kemp, Helen M." <hkemp@RC.com> |
| **To:** | "'Tracy A Saxe'" <tas@sdvlaw.com>, "'jzg@sdvlaw.com'" <jzg@sdvlaw.com> |
| **Cc:** | "Titus, Lisa K" <ltitus@RC.com> |
| **Sent:** | 9/30/2004   6:30PM |
| **Subject:** | Kaladish - Dr. Duffy |

I just received your expert disclosure re: Dr. Duffy.

Is Dr. Duffy in addition to Dr. Girasole?  That is, am I still going to
receive an expert report from Dr. Girasole? When might I expect such a
report.

Also, I note that Dr. Duffy charges $1,000 per hour for a deposition.  Could
you inquire if he would take less and let me know by next Monday or Tuesday?
I believe you know our position on fees of this amount and if it cannot be
reduced, we would end up filing a Motion to Set Fees - which I would like to
avoid if possible.

Thank you.

  <http://www.rc.com/images/lin_tab4.gif>

Helen M. Kemp

  <http://www.rc.com/> Robinson & Cole LLP
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Direct (860) 275-8235 | Fax (860) 275-8299
  <mailto:hkemp@rc.com> hkemp@rc.com |  <http://www.rc.com/> www.rc.com
  <http://www.rc.com/BioKEMP.htm> Bio |
<http://www.rc.com/documents/peopleVcard/KEMP.vcf> Contact Card

  <http://www.rc.com/images/spacer.gif>
─────

  <http://www.rc.com/> Robinson & Cole LLP
Boston  New London  Hartford  Stamford  Greenwich  New York  Sarasota

11/03/2004

------------------------------------------------------------------------

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is n clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

------------------------------------------------------------------------