UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH<br>    Plaintiff,<br><br>V.<br><br>UNUMPROVIDENT CORPORATION AND<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY<br>    Defendants. | CIVIL NO. 301 CV 184 (DJS)<br><br><br><br><br><br><br><br><br>NOVEMBER 19, 2004 |

## MOTION TO SET FEES
## FOR PHYSICIAN TESTIMONY AT DEPOSITION

The defendant, the Provident Life & Casualty Insurance Company (hereinafter "Provident") respectfully moves this Court to set an appropriate hourly fee for the deposition of Patrick Duffy, M.D. Dr. Duffy, an orthopedist, has a private practice located at 636 Plank Road, Waterbury, Connecticut. Dr. Duffy has recently been declared as plaintiff's expert witness in lieu of plaintiff's previously declared expert, Dr. Girasole.

In his September 30, 2004 initial disclosure as an expert witness, Dr. Duffy noted that he charged a fee of $1,000.00 per hour for deposition testimony. In scheduling his deposition, and viewing this fee as somewhat high, defendants' counsel contacted plaintiff's counsel to inquire if Dr. Duffy would reduce this fee. Although several weeks have passed since this request was made, no reply has been forthcoming. Dr. Duffy's deposition has been scheduled for November 30, 2004.

I.  **BRIEF DESCRIPTION OF CASE**

This case concerns a dispute over denial of payment of disability benefits under a disability insurance policy (the "Policy") issued by Provident to the plaintiff, Lawrence Kaladish. Provident issued a disability income policy to the plaintiff. The plaintiff claims to be totally disabled as of February 10, 1999 due to cervical injuries and made a claim for benefits in April 1999 alleging that he was totally disabled.

Defendants approved the initial claim and plaintiff received benefits under this plan for approximately fifteen months. Information received by the defendants indicated that plaintiff might have improved his medical condition during this time to the point that he was not disabled pursuant to the terms and conditions of the Policy. Specifically, defendants obtained a videotape taken on June 8, 2000 of plaintiff performing certain gardening chores, including the use of a pickaxe that belied his claims of total disability. Pursuant to its discretion to determine eligibility for coverage, defendants reviewed plaintiff's medical documentation, job description and other information including surveillance tapes and reports, and determined that plaintiff was no longer entitled to benefits. Additionally, questions were raised about his occupation at the time he claimed to be disabled.

Defendants denied coverage on the ground that plaintiff, even if injured, was not disabled from working. Thus, Provident paid the plaintiff total disability benefits under the policy until July 11, 2000, terminating the benefits after this date when it concluded that he was no longer totally disabled under the terms of the policy. In March 2001, the plaintiff underwent a cervical

fusion. From the date of the fusion, to the date of this Motion, defendants have been paying plaintiff disability benefits under a reservation of rights.

## II.    ARGUMENT

Provident argues that Dr. Duffy's fee of $1,000 per hour for his deposition testimony is unreasonable. In *Coleman v. Dydula,*190 F.R.D. 320, 324 (W.D.N.Y. 1999) the court set forth the following factors for determining a reasonable fee which include (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought and (3) the prevailing rates for other comparably respected available experts. *Coleman,* 190 F.R.D. at 324 (citing *Mathis v. NYNEX,* 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996).

In this case, Dr. Duffy is an orthopedic surgeon (of undetermined specialty) practicing in the Waterbury area. He is **not** Board certified in his area of practice (e.g. the American Board of Orthopaedic Surgery). With regard to prevailing rates, Provident notes that a review of the cases where fees have been discussed leads to the inescapable conclusion that Dr. Duffy's rate of $1,000 per hour is not reasonable., *see, e.g., Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645-46 (E.D.N.Y. 1997) (psychiatrist with numerous degrees, publications, board memberships and past faculty positions was required to reduce hourly fee to $250); *Slywka v. CMI-Equipment & Engineering, Inc.*, 1997 U.S. Dist. LEXIS 3302, 1997 WL 129378 at * (M.D.Pa. March 14, 1997) (finding deposition rate of $300 per hour for treating physician designated as both fact witness and expert witness "generous, and ample to satisfy Rule 26(b)(4)(C)'s 'reasonable fee' requirement"); see also *Frederick v. Columbia University*, 212 F.R.D. 176 (S.D.N.Y. 2003)(court found physician's demanded deposition fee of $975 per hour is unreasonable and hereby orders that it be reduced to $375 per hour); *McLain v. Owens-Corning Fiberglas Corp.*,

3

1996 U.S. Dist. LEXIS 16579, No. 89 C 6226, 1996 WL 650524, at *4 (N.D. Ill. Nov. 7, 1996)(reducing physician's requested hourly fee of $400.00 to $250.00 even though his credentials went unchallenged); *Dominguez v. Syntex Labs, Inc.,* 149 F.R.D. 166, 170 (S.D. Ind. 1993) (reducing expert deposition fee from $800 to $341.50 per hour for neurologist specializing in smell and taste disorders); *Anthony v. Abbot Labs.,* 106 F.R.D. 461, 464, 465 (D.R.I. 1985) (reducing doctor's requested fee for expert deposition testimony from $420 to $250 per hour, even though doctor was "one of only a handful of physicians" qualified to testify about rare medical condition).

Earlier in the case at bar, defendants filed a motion with the court to set the fee for the deposition of Dr. Gerard Girasole who had, at that time, been declared as plaintiff's expert witness. On August 31, 2004, the court determined that an appropriate hourly fee for Dr. Girasole, who, unlike Dr. Duffy, was and is a Board certified orthopedist, was $400.00 per hour. See Order on Miscellaneous Relief, #142 In the case of *Gordon v. Provident Life and Accident Insurance Company,* Civil No. 3:02 CV 296 (AVC) (D. Conn. 2003). Plaintiff's treating physician, Dr. Rotenberg, set a fee of $900 per hour for his time at deposition – a fee which encompassed the time spent preparing for deposition. The defendants objected to this fee as excessive and the court agreed, reducing Dr. Rotenberg's rate from $900 per hour to $300 per hour and holding that Dr. Rotenberg was not entitled to charge a fee for preparatory time. A copy of this decision is attached hereto as **Exhibit A**.

In light of these illustrative cases, the rate of $1,000 per hour requested by Dr. Duffy, especially as he is not a Board certified orthopedist, clearly does not constitute a reasonable fee and must be reduced. Provident also asserts that Dr. Duffy is not entitled to compensation for

time spent preparing for the deposition although it admits that with respect to time spent by experts preparing for deposition, courts are divided as to whether such time is compensable. *Compare McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995); *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995) (preparation time compensable) with *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wis. 1994) (preparation time not compensable).

Upon review of case law, Provident cannot find one case or one decision from *any* circuit which holds or held that $1,000 per hour for the deposition of a non-Board certified orthopedic surgeon is a "reasonable" fee.

### III. CONCLUSION

In light of the foregoing, Provident requests this court to order that Dr. Duffy be compensated at an hourly rate of between $300 and $400 for his deposition (excluding preparatory time).

Respectfully Submitted,

DEFENDANTS
UNUMPROVIDENT CORPORATION
AND PROVIDENT LIFE & CASUALTY
INSURANCE COMPANY

By *Helen M. Kemp*
Helen M. Kemp (ct 14790)
Theodore J. Tucci (ct 05249)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 19th day of November, 2004, to

Tracy Alan Saxe, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

*Helen M. Kemp*
Helen M. Kemp

6