UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH<br><br>        Plaintiff,<br>VS.<br><br>UNUMPROVIDENT CORPORATION AND<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY<br><br>        Defendants. | :   CIVIL ACTION NO. 301 CV 184 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   DECEMBER 1, 2004 |

**OBJECTION TO MOTION FOR PROTECTIVE ORDER
AND MOTION FOR ORDER**

Contrary to plaintiff's position that he was forced to file a Motion for Protective Order because defendants "unilaterally" chose a date for Dr. Duffy's deposition, the fact of the matter is that defendants were forced to choose a date because of plaintiff's apparent inability to schedule such a deposition or at the very least proffer possible dates. And, unfortunately, in light of the circumstances with regard to Dr. Girasole's "expert disclosure", the first question that must be answered is whether Dr. Duffy is truly their expert witness in this case and the second is whether by these actions, was plaintiff simply trying to prevent defendant from deposing Dr. Duffy prior to the end of discovery (November 30, 2004)?

Although Attorney Gersten has been ostensibly trying since October 11, 2004 to "… reach Duffy re: date and cost for his depo" (see Exhibit A attached hereto) as of the date of this objection, Attorney Gersten still has been unable to provide any possible dates for the deposition.

Indeed, a review of plaintiff's motion is notable for a conspicuous absent of possible dates proffered by plaintiff although he has supposedly been "trying" to get dates for some time. The emails show several dates proffered by defendants' counsel but no dates counter-offered by plaintiff – not even dates in late December or early January 2005.

As the court is aware, plaintiff formerly disclosed Dr. Girasole as an expert witness. The court is also aware that based on this representation, defendants attempted to both depose Dr. Girasole and secure an expert report from him. The court is aware through the voluminous pleadings on this issue, plaintiff's counsel was unable to schedule Dr. Girasole's deposition in June 2004 when defendant first requested same and when defendant "unilaterally" scheduled one due to plaintiff's non-response, plaintiff threatened to file a protective order.

The court is also aware that defendants requested from plaintiff an expert report from Dr. Girasole which was not received and defendant was ultimately forced to file a motion with the court to secure such a report. The court is also aware that defendants' counsel filed a motion to set fees for Dr. Girasole's deposition. The court granted defendants request for an expert's report on September 2, 2004 (Order, Docket #143)(stating that such report was due at least five days before deposition) and its motion to set fees with regard to Dr. Girasole's expert testimony on September 1, 2004 (Order, Docket # 142)(setting such fee at $400 per hour).

After securing these orders, the defendants attempted to schedule a deposition with Dr. Girasole through plaintiff's office – attempts which proved once again unsuccessful. Instead, and surprisingly, on September 30, 2004, the last day of discovery, the plaintiff noticed Dr. Duffy as their expert witness. Defendants still desired to depose Dr. Girasole as he had also been

2

plaintiff's treating physician but as a treating physician, was able to directly contact Dr. Girasole's office with regard to scheduling the deposition.

At his deposition held on November 10, 2004, Dr. Girasole testified that he had <u>never</u> agreed to be an expert witness in this case. Dr. Girasole indicated that one of plaintiff's attorneys had come to his office or otherwise spoke to him about being an expert witness and he had <u>declined</u> on the basis that because Kaladish had been his patient, he should not be an expert witness. (<u>Exhibit B,</u> Excerpt from Deposition of Dr. Girasole, pp. 10-11). In short, plaintiff had misrepresented to both the court and to defendants that Dr. Girasole had agreed to be their expert witness. Defendants had spent time, effort and money to file relevant motions, and the court had spent equal time and effort to review and adjudicated the same, based upon these misrepresentations.

Defendants submit that plaintiff's action with regard to Dr. Duffy is eerily similar. After weeks of supposedly trying to set dates, plaintiff is still unable to proffer any possible dates and instead offers excuse after excuse why the deposition is unable to go forward.

From the emails attached to plaintiff's Motion for Protective Order it is evident that defendants' counsel offered to mark off the deposition in return for a date certain and an agreement to request an extension of the scheduling order (the scheduling order states that discovery ends on November 30, 2004). In addition to the emails, Attorney Gersten also spoke with Mary Jo Shertick, a paralegal for Robinson & Cole, on November 18, 2004 about scheduling the deposition of Dr. Duffy. When asked if he had dates for the deposition, Attorney

3

Gersten replied that he was "still waiting to hear back from Dr. Duffy." As the emails show, by November 22, 2004, Attorney Gersten was still waiting to hear back from Dr. Duffy.

On Wednesday, November 23, 2004, Attorney Gersten spoke with Attorney Lisa Titus informing her that Dr. Duffy needed to be paid before his deposition (this was the first time that defendants had heard of this payment condition) and since there was a motion to set fees in front of the court that would not be possible. Thus, he wanted to cancel Dr. Duffy's November 30th deposition and reschedule it for sometime (unspecified) in December. Attorney Gersten was informed that defendants would be willing to do so providing that he give a "date certain" for the deposition. Unless he did, defendants would not agree to mark off the deposition. Attorney Gersten's response was not to give defendants any possible dates but to file the motion for protective order.

In sum, although Dr. Duffy could contact Attorney Gersten to (a) tell him that he required pre-payment up front and (b) could not make the November 30, 2004 deposition, during these conversations, he apparently could not tell Attorney Gersten when he might be available for deposition. In light of the misrepresentations about Dr. Girasole and in light of the fact the same delaying tactics are being used, defendants question whether or not Dr. Duffy is indeed an expert witness in this case.

**WHEREFORE**, defendants seek the following relief from the Court:

1. That the courts deny plaintiff's motion and request for order.

2. That the court order Dr. Duffy's deposition to be conducted by December 31, 2004 (or some other appropriate date set by the court) or be precluded from offering testimony in

this case. With regard to the matter of fees, until the issue is decided by the court, defendants are willing to pre-pay Dr. Duffy a deposit in the amount of $1,000.

3. That the scheduling order be extended to December 31, 2004 (or the date established by the court) <u>solely</u> for the purpose of taking Dr. Duffy's deposition.

> DEFENDANTS,
> UNUMPROVIDENT CORPORATION AND
> PROVIDENT LIFE & CASUALTY INSURANCE
> COMPANY
>
>
> By: /s/ Helen M. Kemp
> Helen M. Kemp (ct 14790)
> Theodore J. Tucci (ct 05249)
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No.: (860) 275-8200
> Fax No.: (860) 275-8299
> E-mail: hkemp@rc.com

5

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 1st day of December 2004, to

Joseph Gersten, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517

_Helen M. Kemp_
Helen M. Kemp