UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH,<br>*Plaintiff*<br><br>v.<br><br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY,<br>*Defendants* | CIVIL ACTION NO.<br>3:01 CV 184 (JBA)<br><br><br><br><br><br><br><br>February 16, 2005 |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO PRODUCE EXPERT FOR DEPOSITION**

The plaintiff, Lawrence Kaladish a/k/a Arthur L. Kaladish (hereinafter "Plaintiff"), by and through his undersigned counsel, respectfully moves this Court for an extension of time to March 18, 2005, by which to complete the deposition of his expert witness, Dr. Patrick Duffy. Defendants oppose this motion.

In support of this motion, Plaintiff states:

1. Dr. Duffy was scheduled to be deposed on January 11, 2005. Dr. Duffy had to cancel the deposition because he was needed to perform emergency surgery.

2. On January 20, 2005, the Court held a telephonic status conference with the parties at which time the Court ordered that Dr. Duffy be produced for deposition within thirty days thereof.

3. Dr. Duffy has been unavailable for a deposition due to a convergence of personal and professional obligations in that:

   a. He has suffered the deaths of two family members and a close friend;

   b. He was needed to assist with the care of his godchild due to a severe asthma attack;

   c. He was obligated to set aside time to testify in three trials between January and February, specifically in:

      i. <u>Laliberte v. J.C. Penney Corp.</u>, 3:03 CV 01889 (JBA) (D. Conn.) (as a treating physician);

      ii. <u>Danbury v. Baker Equipment Leasing Co.</u>, No. CV-03-0348379S (Conn. Super. Ct.) (as an expert witness); and

      iii. <u>Julian v. Donnelly</u>, No. CV-01-0162853S (Conn. Super. Ct.) (as an expert witness).

   d. He was required to reciprocate covering calls for physicians who had covered his practice while he was out of the office regarding the above happenings.

4. Plaintiff's counsel has diligently pursued a deposition date for Dr. Duffy since the status conference, but was unable to obtain a date from Dr. Duffy or his office until Friday, February 11th. At that time, Dr. Duffy's office

offered to go forward with the deposition beginning at 3:00 on February 14th. Defense counsel could not go forward on that date at that time due to a prior commitment.

5. On February 15, Dr. Duffy's office offered the morning of February 16th for the deposition. Defense counsel was unable to go forward at that time due to the short notice and other commitments. Defense counsel has offered February 18th, but the doctor is out of state from February 17 through February 23. Plaintiff's counsel will also be out of state on the 18th. There are no days remaining before the deadline on which Dr. Duffy's deposition can go forward.

6. Dr. Duffy is available for deposition on the morning of February 24.

7. Plaintiff seeks an extension of thirty days, until March 18, within which to produce Dr. Duffy for deposition.

8. Defendants will not be prejudiced by such an extension in that:

    a. There is a mediation scheduled for March 31, 2005 before Magistrate Judge Smith;

    b. Mediation papers are due at Magistrate Smith's chambers by close of business on March 29;

    c. Completion of Dr. Duffy's deposition by March 18 will afford Defendants sufficient time to consider his testimony's impact and

   significance in the case prior to completing their mediation papers; and

   d. This matter will be administratively discontinued on March 31. Therefore, if and when the case is reinstated to the active docket for trial, there will be no delay in moving forward with the trial as a result of the requested extension of time.

9. Plaintiff will be prejudiced if Dr. Duffy is precluded from testifying because Dr. Duffy is Plaintiff's sole non-treating medical expert.

[*Signature page follows*]

Wherefore, Plaintiff asks for an extension of time until March 18 by which to produce Dr. Duffy for his deposition.

Dated this 16th day of February, 2005.

        Respectfully submitted,

        **Saxe Doernberger & Vita P.C.**
        Attorneys for Plaintiff Lawrence
        Kaladish a/k/a Arthur L. Kaladish

By: Tracy Alan Saxe (ct06031)
    Kevin P. Dean (ct20422)
    1952 Whitney Avenue
    Hamden, CT 06517
    Tel. (203) 287-8890
    Fax (203) 287-8847
    tas@sdvlaw.com
    kpd@sdvlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE KALADISH a/k/a<br>ARTHUR L. KALADISH,<br>    *Plaintiff*<br><br>v.<br><br>UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE & CASUALTY<br>INSURANCE COMPANY,<br>    *Defendants* | CIVIL ACTION NO.<br>3:01 CV 184 (JBA)<br><br><br><br><br><br><br>February 16, 2005 |

## CERTIFICATION

This is to certify that the foregoing Motion was sent by facsimile and mailed, postage prepaid, on this 16th day of February, 2005 to the following:

Helen M. Kemp, Esq.
Lisa K. Titus, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103
Fax (860) 275-8299

Kevin P. Dean

6